Michael McShane (CA State Bar #127944)
Jonas P. Mann (CA State Bar #263314)
**AUDET & PARTNERS, LLP**
221 Main St., Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
mmcshane@audetlaw.com
jmann@audetlaw.com

*Attorneys for Plaintiffs*
(Additional Counsel Listed in Signature Block)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL ORSHAN, et al., individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case Nos. 5:14-CV-05659 EJD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF CERTAIN PURPORTED FACTS RELATED TO ITS MOTION TO DISMISS** |

1  Plaintiffs Paul Orshan, Christopher Endara, and David Henderson (collectively, "Plaintiffs"), pursuant to Federal Rule of Evidence 201, oppose Defendant's requests that the Court take judicial notice of purported adjudicative facts within public statements, on websites and on product packaging. Accordingly, Plaintiffs respectfully request that the Court deny all of Defendant's requests.

**INTRODUCTION**

Defendant requests that the Court take judicial notice of several types of purported facts: (1) product packaging and information on various pages of Defendant's website; (2) online articles, blog posts and forums regarding the storage capacity of Defendant's devices; (3) online articles regarding the merits of Plaintiffs' lawsuit; and (4) online articles regarding the storage capacity of competitor devices.

These purported facts do not satisfy the Federal Rules' requirements for judicial notice of adjudicative facts. Accordingly, the Court should deny Defendant's request.

**LEGAL STANDARD**

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. *Bergman v. Bank of Am., N.A.*, No. C-13-00741, 2013 U.S. Dist. LEXIS 153173, at *42 (N.D. Cal. Oct. 23, 2013); *Patel v. Parnes*, 253 F.R.D. 531, 544–545 (C.D. Cal. 2008); Fed. R. Evid. 201. Rule 201 allows a court to take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Patel*, 253 F.R.D. at 545; Fed. R. Evid. 201.

As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). However, the Court may consider unattached evidence on which the complaint "necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document." Id. at 999 (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). In addition, the court may take judicial notice of "matters of public

record," but not facts that may be "subject to reasonable dispute." *Id.* (citing *Lee*, 250 F.3d at 689). However, where "an examination of the documents and their content indicates that they have little or no bearing on the determination of the instant motion" courts have denied requests for notice of such facts and found that "the propriety of judicially noticing them need not be resolved in conjunction with [a] request for dismissal[.]" *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010)

Furthermore, under Rule 201, "In a civil case, the court must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f). Because the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him, "the fact must be one that only an unreasonable person would insist on disputing." *Botelho*, 692 F. Supp. 2d at 1177 (N.D. Cal. 2010); *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)). For this reason, "a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e).

## ARGUMENT

### I. The Facts Contained on Defendant's Product Packaging and Website Are Disputed by Plaintiffs

Defendant submits photos of product packaging (Exhibits S, T, and U) and various pages from its website (Exs. B, H, P, Q, R, V, X, Z and AA) for judicial notice. Plaintiffs do not dispute that these exhibits are referenced in their First Amended Complaint ("FAC"), however, they contest the veracity of these statements.[1] (See FAC ¶¶45, 55, 62, 74.) Because Defendant intends to use these articles to prove the <u>truth</u> of their contents, the Court should deny Defendant's requests.

Although the Court may take judicial notice of the existence of product packaging labels

---

[1] In particular, Defendant's Product packaging contains the disclaimer "actual formatted capacity less." Plaintiffs dispute the meaning of this disclaimer and maintain that the operating system and applications are not "formatting" as Defendant contends because they cannot be erased from the Devices.

as well as statements and screenshots on Defendant's website, taking judicial notice of their existence is not the same as accepting the truth of their contents or accepting a particular interpretation of their meaning. *See Middlebrook-Anderson Co. v. Sw. Sav. & Loan Assn.*, 18 Cal.App.3d 1023, 1038 (Cal. App. 4th Dist. 1971); *see e.g. United States v. Wagner*, 19 Fed. Appx. 542, 543 n.1 (holding that judicial notice of manual was proper under Fed. R. Evid. 201(b) but that court could not take judicial notice of truth of contents of that document because it contained disputed facts); *StorMedia Inc. v. Superior Court*, 976 P.2d 214, 219 (Cal. 1999) ("When judicial notice is taken of a document, however, the truthfulness and proper interpretation of the document are disputable.") To the extent that Defendant is seeking judicial notice of the truth of the contents of the product packaging labels, these requests should be denied.

Defendant next seeks notice of various webpages arguing, they are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" (Defendant's Request for Judicial Notice "Def. Request" p.4), and that they are "capable of 'accurate and ready determination.'" Def. Request at p.5. Here, Defendant is not simply asking the Court to take judicial notice of various pages of Apple's website, but the <u>truth</u> of the contents of those pages. Defendant's request is inappropriate under Federal Rule of Evidence 201 as Plaintiffs dispute the veracity of the statements. *See, e.g., Carter v. Deutsch Bank Nat. Trust Co.*, C09-3033 BZ, 2010 U.S. Dist. LEXIS 6473, *1 (N.D. Cal. Jan. 27, 2010) (declining to take judicial notice of truth of statements from Delaware secretary of state's website); *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 889 (Cal. App. 1st Dist. 2013)(finding that the mere fact that a statement appears on a web page does not mean that it is not reasonably subject to dispute, and if the information is disputed by the parties, it is not subject to judicial notice.).

Because there is no indication before the Court that Defendant intends to use these materials for anything other than evidence of the truth of their contents, the court should deny Defendant's requests.

## II. Purported Public Statements regarding Apple's Storage Capacity Are Irrelevant

Defendant seeks judicial notice of various public statements regarding the storage capacities of Apple devices. (See Exs. A, C, D, E and Y.) Defendant's requests are irrelevant for two reasons. First, the articles are not cited by Plaintiffs in their FAC and they ignore the crux of Plaintiffs' argument: that Plaintiffs and members of the Classes were harmed by the release of iOS 8 either by purchasing a device with iOS 8 preinstalled or updating their current devices. Because the available storage capacities of Defendant's devices prior to the release of iOS 8 have no bearing on the present action, Defendant's request for judicial notice of these items should be denied. *See Botelho*, 692 F. Supp. 2d at 1178 (denying requests for judicial notice that have "little or no bearing on the determination of the instant motion"); *City & County of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 219 (N.D. Cal. 2003) (motion to take judicial notice of a newspaper article was denied as the article was irrelevant and the facts contained in it were in dispute); *See Carpenters S. Cal. Admin. Corp v. Knight* (*In re Knight*), 207 F.3d 1115, 1119 n.4 (9th Cir. 2000) (denying request for judicial notice of irrelevant facts).

Second, the various forums, blog posts and news articles that Defendant seeks judicial notice of are irrelevant because they were published in 2011 and 2012, long before Defendant's September 2014 release of iOS 8. All of the articles are outside the class period and thus irrelevant to the present action. For example, Exhibit A, published March 8, 2012, discusses iOS 5. Exhibit C, a blog post on a forum from December 2011, discusses the available storage capacity of Defendant's devices before the release of iOS 8. Exhibit D contains statements regarding storage capacity of Defendant's devices from November of 2011. Exhibit E, an article from November 24, 2011, contains advice on which Apple device to buy. Finally Exhibit Y, a New York Times article from August 2011, contains information regarding the availability of iCloud storage.

Where, as here, Defendant seeks notice of documents and news articles published outside the relevant time period of a particular action, courts have refused to take judicial notice thereof. *See Laurel Heights Improvement Assn. v. Regents of Univ. of Cal.*, 864 P.2d 502, 506 (Cal. 1993)

(declining to exercise authority to take judicial notice of a version of a publication that was not published until after the relevant time period); *In re CV Therapeutics, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 17419, at *38 (N.D. Cal. Aug. 5, 2004) (declining to take judicial notice of two press releases that were issued by the company outside the class period and were not referenced in the complaint.).

**III. Articles on the Merits of Plaintiffs' Inoperative Complaint Are Irrelevant and Outside the Scope of this Litigation**

Defendant seeks judicial notice of three articles which evaluate the merits of Plaintiffs' class action lawsuit.[2] Each of these articles (see Exhibit F, G and BB) critique Plaintiffs' original complaint, not the FAC. The Court should refuse to take notice of these articles because the facts and assertions they make are disputed by Plaintiffs, the articles were not referenced in Plaintiffs' complaint, and they do not relate to the operative complaint. These same reasons render the articles irrelevant to the present action.

Where a news article about the present case is not cited or referenced in Plaintiffs' operative complaint and the accuracy of its contents are in dispute, the Court should deny the request for judicial notice. *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190 (N.D. Cal. 2014) (denying request for judicial notice of a New York Times Bits blog article about the instant litigation because the document was not cited or referenced in the FAC and the opposing party disputed the accuracy of the contents of the article). Likewise, speculation as to the merits and outcome of a particular case fall outside the scope of the complaint and are therefore inappropriate for judicial notice. *See Laine v. Wells Fargo Bank & Co.*, No. C13-4109, 2013 U.S. Dist. LEXIS 162508, at *2–3 (N.D. Cal. Nov. 14, 2013) (denying judicial notice of a news article and a Wall Street Journal blog article because "those documents are outside the scope of the complaint and do not contain adjudicative facts appropriate for judicial notice at the pleadings stage."). Furthermore, where the accuracy of a news article's contents are in dispute,

---

[2] Each of the articles for which Defendant seeks judicial notice deal with Apple's claims regarding the storage capacity of the devices and are irrelevant to Plaintiff's allegations regarding Defendant's marketing of iCloud storage.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF CERTAIN PURPORTED FACTS RELATED TO ITS MOTION TO DISMISS

the article does not contain statements "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition to critiquing the inoperative complaint in this action, Exhibit G contains conclusions wholly irrelevant to the current action. *See Botelho*, 692 F. Supp. 2d at 1178.

Plaintiffs dispute the facts and assertions made in Exhibits F, G and BB which are irrelevant to the current action and do not relate to the operative complaint. As such, the conclusions made in these articles are not facts appropriate for judicial notice within the meaning of Rule 201.

**IV. Articles on the Storage Space of Competitors are Irrelevant to the Present Action**

Exhibits I, J, K, L, M, N and O are all websites that contain information regarding competitors of Defendant and the storage capacities available on competitor devices. The conduct of competitors who are non-parties to the present action and who were not mentioned in Plaintiffs FAC are irrelevant to the current lawsuit, and especially at the pleading stage. *See City & County of S.F.*, 218 F.R.D. at 219. The Court may deny Defendant's request for judicial notice on these items because they are unnecessary and irrelevant to Plaintiffs' claims. *See Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 975–76 (9th Cir. 2006) (finding judicial notice improper where the documents were unnecessary and irrelevant to the claims at issue); *see also Botelho*, 692 F. Supp. 2d at 1178.

**CONCLUSION**

For the reasons noted above, Plaintiffs respectfully request that all of Defendant's requests for judicial notice be denied.

Dated: June 5, 2015                    Respectfully submitted,


/s/ Jonas P. Mann

Michael McShane (SBN 127944)
Jonas P. Mann (SBN 263314)
**AUDET & PARTNERS, LLP**

6                                5:14-CV-05659 EJD
PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF
CERTAIN PURPORTED FACTS RELATED TO ITS MOTION TO DISMISS

221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 576-1776
mmcshane@audetlaw.com
jmann@audetlaw.com

Charles J. LaDuca
Matthew E. Mlller
William H. Anderson
**CUNEO GILBERT & LADUCA LLP**
507 C Street, NE
Washington, DC 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
charlesl@cuneolaw.com
mmiller@cuneolaw.com
wanderson@cuneolaw.com

Jon M. Herskowitz
**BARON & HERSKOWITZ**
9100 S. Dadeland Blvd.
Suite 1704
Miami, Fl. 33156
Telephone (305) 670-0101
Facsimile. (305) 670-2393
jon@bhfloridalaw.com

ROBERT SHELQUIST
**LOCKRIDGE GRINDAL NAUEN PLLP**
Suite 2200
100 Washington Avenue S
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com

*Attorneys for Plaintiffs and Proposed Class*