MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
SARAH H. TRELA (S.B. #293089)
strela@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

SUSAN ROEDER (S.B. #160897)
sroeder@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PAUL ORSHAN, CHRISTOPHER ENDARA, and DAVID HENDERSON, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 5:14-CV-05659-EJD<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: July 16, 2015<br>Time: 9:00 a.m.<br>Judge: Edward J. Davila<br>Courtroom: 4, 5th Floor<br><br>Amended Complaint: April 9, 2015<br>Trial Date: None set |

# I. INTRODUCTION

In their Opposition to Defendant's Request for Judicial Notice (Dkt. 27 ("RJN Opp.")), Plaintiffs do not dispute that the Court may take judicial notice of many of the documents and statements at issue—including disclosures on Apple's product packaging and website about both iOS 8 and the devices at issue here. (RJN Opp. at 2-3 ("the Court may take judicial notice of the existence of product packaging labels as well as statements and screenshots on [Apple's] website").) Instead, Plaintiffs' primary objection is that the Court should not take notice of these materials for the purpose of "accepting the truth of their contents or accepting a particular interpretation of their meaning." (RJN Opp. at 3.) But with only a few exceptions (such as Apple's iCloud pricing, discussed below), Apple does *not* seek judicial notice of the truth of the statements in the RJN. Instead, for present purposes the Court need only take notice of the *fact that the statements were made*.

Here, Plaintiffs admit they read and relied upon Apple's product packaging and website. (FAC ¶¶ 18, 20, 23 (each plaintiff "viewed various materials, including Apple's website, before purchasing his iPhones and iPads, and packaging materials in the store at the time of making the purchases").) That same packaging (and website pages) expressly disclosed, among other things, that the "actual formatted capacity" of the devices would be "less" than 16 GB. (*See* RJN Exs. P-U.) It is the *existence* of these disclosures, not their "truth," that is fatal to Plaintiffs' allegations. Thus, because Plaintiffs concede (correctly) that the Court may take judicial notice of the *existence* of statements on Apple's product packaging and website (RJN Opp. at 2-3), the Court should take judicial notice of the fact that those disclosures were made in the very same documents that Plaintiffs read and relied on.

Apple <u>does</u> seek judicial notice of two critical facts for their truth: (1) since the introduction of iCloud, Apple has at all times offered the first 5 GB of iCloud storage *for free* (as reflected in RJN (Dkt. 25 and 25-1) Exs. X and Y; and (2) Apple users have access to third-party cloud storage services through Apple's App Store (as reflected in RJN Exs. Z, AA, and BB). Plaintiffs do not challenge the truth of either of these facts, or even specifically address them in

their Opposition to Apple's RJN.  Instead, Plaintiffs oppose judicial notice of the particular documents that reflect these facts by claiming there are questions (which Plaintiffs never explain and never support) about the materials' "veracity" and "relevance."  (*See* RJN Opp. at 3-5.)  That is nonsense.  These are precisely the sort of indisputable facts that are appropriate for judicial notice because they are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" (such as Apple's website and *The New York Times*).  Fed. R. Evid. 201(b); (*see also* RJN Opp. at 1 (stating that Fed. R. Evid. 201(b) "governs judicial notice of adjudicative facts.").)  The Court can, and should, consider these judicially noticeable facts, which reveal that certain of Plaintiffs' allegations are incomplete in ways that are fundamentally misleading.

Finally, Plaintiffs provide no basis for this Court to deny judicial notice of the remaining items in Apple's RJN.  Plaintiffs claim that articles about the storage capacity of devices offered by Apple and its competitors (RJN Exs. A, C-G, and I-O) are not relevant, but these articles are evidence of what information was available to Plaintiffs and other consumers and are directly relevant to their "reasonable expectations" regarding iOS 8.  And Plaintiffs do not even mention Exhibit W (information from Apple's website explaining how to upgrade to iOS 8 and the disclosures that occurred during that process) in their RJN Opposition, much less oppose judicial notice of that item.

Accordingly, the Court should take judicial notice of the items attached to Apple's RJN and consider them in connection with Apple's motion to dismiss the FAC.  *See, e.g.*, *Minkler v. Apple Inc.*, 2014 WL 4100613, at *1 n.1 (N.D. Cal. Aug. 20, 2014 (taking judicial notice of Apple's Hardware Warranty and Software Licensing Agreement).

## II. STATEMENTS ON APPLE'S PRODUCT PACKAGING AND WEBSITE ARE JUDICIALLY NOTICEABLE

Plaintiffs concede that "the Court may take judicial notice of the existence of product packaging labels as well as statements and screenshots on Defendant's website," as found at

**Exhibits B, H, and P-V**.[1]  (RJN Opp. at 2-3.)  Plaintiffs' only objection to judicial notice of these materials is that the Court should not "accept[] the truth" of these statements or "accept[] a particular interpretation of their meaning."  (*Id*. at 3.)  Fair enough—Apple seeks judicial notice of Exhibits B, H, and P-V not for the "truth of their contents" but for the fact that the disclosures contained in these materials were made.

The *existence* of Apple's disclosures is highly relevant.  Plaintiffs' claims in this case are premised on their purported "expectations" regarding iOS 8 and their devices.  (*See, e.g.*, FAC ¶¶ 18, 20, 23 (each Plaintiff "expected" that 16 GB "would be available for his personal use"); *id*. ¶ 32 ("no consumer could reasonably anticipate" that "upgrading from iOS 7 to iOS 8 will cost a Device user between 600 MB and 1.3 GB of storage space").)  And each plaintiff admits he viewed Apple's product packaging and website before purchasing his Apple devices and acted "[i]n reliance" on Apple's statements.  (*Id*. ¶¶ 18, 20, 23.)

But as reflected in Exhibits B, H, and P-V, the materials these Plaintiffs read and relied on included disclosures that are fatal to many of their claims.  It is the existence of those disclosures that is relevant—regardless of the truth of the disclosures, Plaintiffs cannot seriously contend that they were promised that they would be able to use 100% of their devices' storage for personal data, when Apple specifically disclosed that the "actual formatted capacity" of 16 GB devices is in fact "less" than 16 GB.  (RJN Exs. P-U.)  Plaintiffs should not be permitted to excerpt certain statements by Apple (*e.g.*, "16 GB"), while ignoring disclosures that accompany those statements. *See Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995) (affirming dismissal of UCL, FAL, and CLRA claims that a sweepstakes mailing was deceptive because a disclaimer qualifying the allegedly deceptive statement "appear[ed] immediately next to the representations it qualifie[d] and no reasonable reader could ignore it").

---

[1] These exhibits include the disclosures on the outside of iPhone, iPad, and iPod packaging (**Exs. S-U**) and materials from Apple's websites about the iPod, iPhone, iPad, and iOS 8 (**Exs. H, P-R, V**).  While Plaintiffs characterize **Ex. B** as a page from Apple's website, the exhibit is actually a forum posting by third parties, but on a forum hosted by Apple.  Plaintiffs admit they "reference" these materials in the FAC.  (RJN Opp. at 2.)

As highlighted in the federal cases plaintiffs cite,[2] it is entirely proper for a court to take judicial notice of documents without deciding the ultimate truthfulness or proper interpretation of those documents. (*See* Opp. at 2-3 (citing *United States v. Wagner*, 19 F. App'x 542, 543 n.1 (9th Cir. 2001) (judicial notice of the existence of a manual proper even if the court could not take notice of the truth of contents of that document)); *see also Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. Cal. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time'" even if not to indicate that the contents of those articles were true); *Datel Holdings Ltd. v. Microsoft Corp.*,712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of statements in the public realm).

Because Plaintiffs admit that the Court may take judicial notice of the existence of statements on Apple's product packaging and website, which contain disclosures that are directly relevant to what Plaintiffs could have "reasonably expected" from iOS 8 and their devices, the Court should take judicial notice of the fact that the statements in Exhibits B, H, and P-V were made.

### III. FACTS REGARDING iCLOUD PRICING AND THE AVAILABILITY OF OTHER CLOUD STORAGE SERVICES ARE JUDICIALLY NOTICEABLE

In their FAC, Plaintiffs allege that Apple "exploit[ed] the discrepancy" between advertised and available storage on their devices by offering them Apple's iCloud cloud storage at "prices ranging from $0.99 to $29.99 *per month*," and speculate that Apple does not "permit[ting] users of its devices to access cloud storage from other vendors." (FAC ¶ 36 (emphasis in original).) Since those allegations are misleadingly incomplete, Apple seeks judicial notice of **Exhibits X and Y** (which show that the "prices" Plaintiffs cite apply only to *upgraded*

---

[2] In arguing that the Court should not take judicial notice of various documents, Plaintiffs cite a number of California cases. (*See* RJN Opp. at 3-4.) But the Federal Rules of Evidence—not state law requirements—govern judicial notice in this federal case. FRE 101(a); *see also Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995) ("[T]he Federal Rules of Evidence ordinarily govern in diversity cases" unless "a state evidence rule is intimately bound up with the rights and obligations being asserted."); *Alimena v. Vericrest Fin., Inc.*, 2012 U.S. Dist. LEXIS 181309, at *13-14 n.8 (E.D. Cal. Dec. 18, 2012) ("Plaintiffs' citation to state law in support of [their judicial notice] objections is inapt. Although the court is sitting in diversity and applying state law as to substantive matters, judicial notice is governed by the Federal Rules of Evidence and case law interpreting those Rules.").

1 | iCloud storage, and that Apple provides the first 5 GB of iCloud service for free), and **Exhibits**
2 | **Z-BB** (which show that many competing cloud services are available through Apple's App
3 | Store).

4 |     Plaintiffs do not dispute (or even mention) the indisputable facts regarding cloud storage
5 | pricing and availability that are set forth in these exhibits, much less establish that those facts are
6 | subject to "reasonable dispute." *See* Fed. R. Evid. 201(b). They simply state, without any
7 | explanation, that they dispute the "veracity" of the exhibits or their "relevance." (*See* RJN Opp.
8 | at 3-5.) Here, Plaintiffs are attempting to do what the Ninth Circuit has expressly prohibited:
9 | "surviv[e] a Rule 12(b)(6) motion by deliberately omitting … documents upon which their claims
10 | are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotation marks
11 | and citations omitted). Accordingly, the Court should take judicial notice of the facts concerning
12 | iCloud pricing and the availability of competing cloud services.

### A. The Court Should Take Judicial Notice of the Fact that Apple Offers the First 5 GB of iCloud Storage for Free

15 |     The FAC contains many allegations regarding Apple's iCloud pricing. (*See, e.g.*, FAC ¶ 3
16 | ("Defendant aggressively markets a monthly-fee-based storage system called iCloud"), ¶ 36 ("For
17 | [iCloud], Apple charges prices ranging from $0.99 to $29.99 *per month*.") (emphasis in original)).
18 | But these allegations omit a key fact: since the introduction of iCloud in 2011, Apple has offered
19 | the first 5 GB of iCloud storage *for free*. This fact is judicially noticeable: it is "not subject to
20 | reasonable dispute because it … can be accurately and readily determined from sources whose
21 | accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Apple has submitted evidence
22 | of this fact from two "sources whose accuracy" (for these purposes) "cannot reasonably be
23 | questioned"—Apple's own iCloud website (Exhibit X) and *The New York Times* (Exhibit Y).

24 |     Plaintiffs never even address the fact that the first 5 GB of iCloud is free. Plaintiffs assert,
25 | generally, that they "dispute the veracity of the statements" in Apple's website materials,
26 | including Exhibit X, and that the Court therefore cannot take judicial notice of the truth (as

opposed to the existence) of those statements. (RJN Opp. at 3.)³ But this blanket statement provides no basis to deny judicial notice of the facts concerning iCloud pricing. Plaintiffs do not specify if, why, or on what basis they dispute the "veracity" of the fact that the first 5 GB of iCloud storage is free. If it is really Plaintiffs' position that Apple charges for the first 5GB of iCloud storage, they must say so. But they have carefully avoided taking such a position, because they could never make such an allegation in good faith.

Here, iCloud is offered by a single company (Apple) at prices that are published on and easily ascertainable from Apple's website and confirmed by other reliable sources (such as *The New York Times*). Plaintiffs cannot manufacture a "dispute" regarding iCloud pricing simply by pointing to the allegations in the FAC that Apple charges prices ranging from "$0.99 to $29.99 per month" for iCloud. (FAC ¶ 36.) The fact that Apple does not charge for the first 5 GB of iCloud storage is not contrary to the allegations of the FAC; it simply clarifies that the pricing Plaintiffs cite applies only to *upgraded* iCloud storage, not the basic level of storage.⁴ Because Plaintiffs have placed the pricing of iCloud at issue, the Court should consider *all* the facts regarding iCloud pricing, not the incomplete, misleading, and self-serving subset of facts upon which Plaintiffs rely. *See Freeman*, 68 F.3d at 289-90 (disclaimer "appear[ed] immediately next to the representations it qualifie[d] and no reasonable reader could ignore it"); *see generally* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party

---

³ Plaintiffs cite several state and federal cases for the proposition that "taking judicial notice of [statements] is not the same as accepting the truth of their contents or accepting a particular interpretation of their meaning." (RJN Opp. at 3.) To be sure, in some cases courts have taken judicial notice of the fact that certain statements were made but not of their truth. But that does not mean that courts can *never* take judicial notice of the facts contained in judicially noticeable documents; in fact, they can do so. *See, e.g.*, *Rubio v. U.S. Bank N.A.*, 2014 U.S. Dist. LEXIS 45677, at *13-14 (N.D. Cal. Mar. 31, 2014) (taking judicial notice of documents referenced in the complaint that form the basis of the allegations in the complaint, stating that court "may consider the facts within them" and "can consider them in full"); *Minkler v. Apple Inc.*, 2014 WL 4100613, at *1 n.1 (N.D. Cal. Aug. 20, 2014) (taking judicial notice of terms in Apple's Hardware Warranty and Software Licensing Agreement where those documents were referenced in the complaint and their accuracy was not disputed).

⁴ Plaintiffs also contend that Exhibit Y, which was published in August 2011, is "outside the class period and thus irrelevant to the present action." (RJN Opp. at 4.) But the combination of Exhibits X and Y show that from the time Apple introduced iCloud until present, it has always offered the first 5 GB of storage for free. Thus, Exhibit Y is relevant because it relates to facts that have existed throughout the class period.

REPLY ISO APPLE'S REQUEST FOR JUDICIAL NOTICE
CASE NO. 5:14-CV-05659-EJD

may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."). Having put Apple's iCloud "pricing" at issue, Plaintiffs cannot avoid judicial notice of the fact that this "pricing" only applies to upgraded storage.

### B. The Court Should Take Judicial Notice of Third-Party Cloud Services

Apple also seeks judicial notice of the fact (as reflected in Exhibits Z, AA, and BB) that third-party cloud storage services, including those offered by Dropbox and Google, are available to Apple users through Apple's App Store. Again, Plaintiffs assert generally that they "dispute the veracity" of statements on Apple's website, including Exhibits Z and AA (*id.* at 3), but they do not explain if, why, or on what basis they contend that third-party cloud storage services are not actually available to Apple users. And although Plaintiffs object to judicial notice of Exhibit BB on the grounds that the "critique of Plaintiffs' original complaint" that appears in that article is "irrelevant" (*id.* at 5), they do not dispute that the availability of third-party cloud services (which is also discussed in the article) *is* relevant. Nor could they: Plaintiffs' speculation in their FAC that "[i]t does not appear that Apple permits users of its devices to access cloud storage from other vendors" (FAC ¶ 36) establishes the relevance of documents showing that Apple users do, in fact, have access to a variety of third-party cloud services. Plaintiffs cannot reasonably dispute that third-party cloud services are available to Apple users, and the Court should take judicial notice of that basic fact.

### IV. ARTICLES ABOUT APPLE'S DEVICES AND COMPETITORS' DEVICES ARE JUDICIALLY NOTICEABLE

Next, Plaintiffs oppose Apple's request for judicial notice of certain third-party articles regarding the storage capacity of Apple's and competitors' devices (**Exs. A, C-G, and I-O**) on the grounds that those articles are not relevant. (RJN Opp. at 4-6.) But these articles are directly relevant to what "reasonable" consumers could "expect" about iOS 8. As these articles illustrate, the situation that Plaintiffs claim Apple "misrepresented" or "omitted" here—that the operating system software occupies a portion of mobile devices' storage—is an unremarkable feature of all

REPLY ISO APPLE'S REQUEST FOR
JUDICIAL NOTICE
CASE NO. 5:14-CV-05659-EJD

1  computing devices that has existed for decades. These articles demonstrate a fundamental fact
2  that cannot be disputed, which is that this common attribute of mobile devices was widely known
3  and discussed during the relevant time period, including as a regular part of mobile product
4  reviews. Again, whether the *contents* of the particular articles are "true" is not presently at issue;
5  Apple seeks judicial notice of these articles to show the publicly available information that would
6  necessarily inform the "expectations" of a reasonable consumer.

7  First, Plaintiffs' relevance objections to these articles are without merit. Plaintiffs contend
8  that some of the articles for which Apple seeks judicial notice (Exs. A and C-E) are irrelevant
9  because they were "published outside the relevant time period," or because Apple's competitors
10 (*see* Exs. I-O) are not mentioned in the FAC. (RJN Opp. at 4, 6.)[5] But articles concerning earlier
11 generations of devices and operating system software (regardless of manufacturer) are absolutely
12 relevant to what Plaintiffs could reasonably have expected from newer devices because, as those
13 articles make quite clear, the issues Plaintiffs seem to challenge (*i.e.*, pre-installed software) have
14 been a fundamental feature of all mobile devices for decades. Indeed, Plaintiffs themselves cite
15 an article published prior to the release of iOS 8. (*See* FAC ¶ 30 (citing article by David Price
16 published in April 2014).) The articles Apple referenced are similarly relevant, and illustrate the
17 widely-available public information that would necessarily have shaped any "reasonable"
18 consumer's "expectations."

19 Second, Plaintiffs also oppose notice of Exhibits F and G because portions of those
20 articles criticize Plaintiffs' original complaint. (RJN Opp. at 5-6.)[6] But of course, Apple does ***not***
21 seek judicial notice of the articles' authors' opinions about this case—*e.g.,* that this "odd" and
22 "mistaken" case is truly "one of the more ridiculous lawsuits Apple has been involved in." (RJN
23 Exs. F and G.) Apple instead seeks notice of the fact that, as those articles (and others) illustrate,
24 information about the available storage on Apple and other devices has been publically available

---

[5] Plaintiffs also object to Exhibit Y on this basis but, as discussed in Section III.A., *supra,* that article is relevant to show that the first 5 GB of iCloud has been free throughout the class period and since iCloud was introduced in 2011.

[6] Plaintiffs also object to Exhibit BB on this basis but, as discussed in Section III.B., *supra*, Apple seeks judicial notice of that article for the purpose of showing that third-party cloud services were available to Apple users.

- 8 -

REPLY ISO APPLE'S REQUEST FOR
JUDICIAL NOTICE
CASE NO. 5:14-CV-05659-EJD

(and widely known) for years.

## V. PLAINTIFFS DO NOT OPPOSE JUDICIAL NOTICE OF IOS 8 UPGRADE DISCLOSURES

Finally, Plaintiffs do not oppose (or even mention) Apple's request that the Court take judicial notice of **Exhibit W**. As set out in Exhibit W, before users could upgrade their devices wirelessly to iOS 8, they were shown a screen that disclosed the size of the iOS 8 download ("1.9 GB"). Here, Apple is not seeking judicial notice of Exhibit W to prove that the size of the iOS 8 download is in fact 1.9 GB—again, for present purposes, the import of the disclosure described in Exhibit W is the fact that it was made to users. Accordingly, Apple requests that the Court take notice of the undisputed (and indisputable) fact that users were told, during the upgrade process, that iOS 8 would require a download of a significant amount of storage. The Court may consider Exhibit W because Apple's disclosures during the upgrade process are "essential" to Plaintiffs' claims and the authenticity of the document is not reasonably subject to dispute. *See, e.g.*, *Parinno v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (in ruling on motion to dismiss, court could consider insurance plan documents not referenced in complaint where plaintiff's claims "rest on his membership in [the insurance] plan and on the terms of the plan"); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (web pages that must have been viewed in order to access allegedly defamatory photograph on a website could be considered on motion to dismiss).

## VI. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant its request for judicial notice.

Dated: June 19, 2015

O'MELVENY & MYERS LLP
MATTHEW D. POWERS
SUSAN ROEDER
SARAH H. TRELA

By:  /s/ Matthew D. Powers
       Matthew D. Powers
Attorneys for Defendant
Apple Inc.