1  MATTHEW D. POWERS (S.B. #212682)
   mpowers@omm.com
2  SARAH H. TRELA (S.B. # 293089)
   strela@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
4  San Francisco, CA  94111-3823
   Telephone:    (415) 984-8700
5  Facsimile:    (415) 984-8701

6  SUSAN ROEDER (S.B. # 160897)
   sroeder@omm.com
7  O'MELVENY & MYERS LLP
   2765 Sand Hill Road
8  Menlo Park, CA 94025
   Telephone:    (650) 473-2600
9  Facsimile:    (650) 473-2601

10 Attorneys for Defendant
   APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL ORSHAN, CHRISTOPHER ENDARA, and DAVID HENDERSON, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　　　　Defendant. | Case No.  5:14-CV-05659-EJD<br><br>**DEFENDANT APPLE INC.'S STATEMENT OF RECENT DECISIONS**<br><br>Hearing Date: July 16, 2015<br>Time:　　　　9:00 a.m.<br>Judge:　　　　Hon. Edward J. Davila<br>Courtroom:　　4, 5th Floor |

　　　　Pursuant to Civil Local Rule 7-3(d)(2), Defendant Apple Inc. ("Apple") hereby submits three recent decisions relevant to Apple's pending Motion to Dismiss First Amended Class Action Complaint (Dkt. No. 24), which the Court took under submission without oral argument on July 13, 2015 (Dkt. No. 35).  Attached hereto as **Exhibit A** is a true and correct copy of the April 7, 2016 decision by Judge Whyte granting Defendant Advanced Micro Devices, Inc.'s motion to dismiss in *Dickey v. Advanced Micro Devices, Inc.*, No. 5:15-cv-04922-RMW, 2016

WL 1375571 (N.D. Cal. Apr. 7, 2016). In *Dickey*, the Court held in relevant part that the plaintiff failed to allege sufficient facts to support the plaintiff's alleged "expectation" as to the meaning of the term "core" in a "core processor." *Id.* at *4-5.

Attached hereto as **Exhibit B** is a true and correct copy of the April 15, 2016 decision by Judge Whyte granting Apple's motion to dismiss in *Palmer v. Apple Inc.*, No. 5:15-cv-05808-RMW (N.D. Cal. Apr. 15, 2016). In *Palmer*, the Court held in relevant part that the plaintiff lacked standing and did not establish reliance because he failed to identify "which specific advertisements or statements" relating to iPhone data and WiFi usage "he personally saw or when they were made," much less that such statements "were false." *Id.* at 9.

Attached hereto as **Exhibit C** is a true and correct copy of the April 19, 2016 decision by Judge Koh granting Apple's motion to dismiss in *Phillips v. Apple Inc.*, No. 15-cv-04879-LHK (N.D. Cal. Apr. 19, 2016). In *Phillips*, the Court held in relevant part that the plaintiffs failed to allege with sufficient particularity that they relied upon any specific false representation or omission regarding data usage before downloading Apple's operating software (iOS 9) or using WiFi Assist and therefore lacked statutory and Article III standing. *Id.* at 10-14.

Dated: April 22, 2016

O'MELVENY & MYERS LLP
MATTHEW D. POWERS

By: /s/ Matthew D. Powers
      Matthew D. Powers

Attorneys for Defendant
APPLE INC.