UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL ORSHAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:14-cv-05659-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 24 |

Plaintiffs Paul Orshan ("Orshan"), Christopher Endara ("Endara"), and David Henderson ("Henderson") (collectively, "Plaintiffs") filed this class action suit against Apple Inc. ("Apple" or "Defendant") on behalf of themselves and others similarly situated, alleging that Apple violated various consumer protection laws by misleading consumers regarding the storage capacity of certain mobile devices running iOS 8. First Amended Complaint ("FAC"), Dkt. No. 18. Apple now moves to dismiss all of the claims in Plaintiffs' FAC. Dkt. No. 24 ("MTD"). For the reasons discussed below, Apple's motion is GRANTED.

I.  **BACKGROUND**

Plaintiffs are California consumers who purchased Apple products running iOS 8. Specifically, Orshan purchased two 16-gigabyte ("16 GB") iPhone 5s devices and two 16 GB iPads all running iOS 7, which he then upgraded to iOS 8. FAC ¶¶ 16-18. Endara purchased a 16 GB iPhone 6 running iOS 8. *Id*. ¶¶ 19-20. Henderson purchased a 16 GB iPad2 running with "a predecessor operating system to iOS 8," which he then upgraded to iOS 8. *Id*. ¶¶ 21-23.

According to the allegations in the FAC, all three Plaintiffs purchased their devices "in

reliance on Defendant's claims, on its website, advertisements, product packaging, and other promotional materials, that the devices came with 16 GB of storage space" and they "expected that capacity would be available for [their] personal use." *Id*. ¶¶ 18, 20, 23. However, contrary to these expectations, anywhere from 18.1%-23.1% of this capacity (2.9-3.7 GB) was used by iOS 8 and not available to Plaintiffs for personal storage. *Id*. ¶¶ 28-30. Plaintiffs allege that, had they known this, they "would not have upgraded to iOS 8," "would not have purchased the 16 GB of storage capacity or would not have been willing to pay the same price for it." *Id*. ¶¶ 18, 20, 23.

The FAC also alleges that, in addition to not meeting consumer expectations, Apple "exploits the discrepancy between represented and available capacity for its own gain by offering to sell, and by selling, cloud storage capacity" through its iCloud service. *Id*. ¶ 36. The FAC states that Apple charges anywhere from $0.99 to $29.99 per month for iCloud subscriptions, and Apple does not permit its users to use cloud storage services from other vendors. *Id*.

Plaintiffs initiated this action on December 30, 2014 and filed their FAC on April 9, 2015. Dkt. Nos. 1, 18. The FAC alleges the following causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (2) violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.; and (3) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq. FAC ¶¶ 50-76. Apple responded with the instant motion. MTD.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr*., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS

2

speculative level" such that the claim "is plausible on its face." *Twombly*, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1998). "[M]aterial which is properly submitted as part of the complaint may be considered." *Twombly*, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

Fraud-based claims are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D.Cal. 2001) (citation omitted); *see also In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

### III. DISCUSSION

#### A. Judicial Notice

Apple requests the Court take judicial notice of 28 separate statements made on its and other websites, as well as statements made on product packaging. Req. for Judicial Notice

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS

3

("RJN"), Dkt. No. 25. Although this not a motion for summary judgment and will not be converted into one, most of these documents are proper subjects for consideration at this stage.

Federal Rule of Evidence 201(b) permits the Court to judicially notice a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A request for judicial notice may be declined if the information submitted is not relevant to the matters before the Court. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for judicial notice, in part because information to be noticed did not bear on the "relevant issue" before the court).

On a motion to dismiss under Rule 12(b)(6), the Court may also consider "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). However, the Court cannot notice "facts that may be 'subject to reasonable dispute.'" *Id*. (quoting *Lee*, 250 F.3d at 689). "More specifically, [the court] may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *Id*.

Here, Plaintiffs concede that the FAC references and relies on statements made on Apple's website and on the product packaging of Apple's devices. Because those items meet the standard for admissibility under Rule 201, Apple's request is granted as to these documents. *See* RJN, Exs. B, H, P-V, X, Z, AA. The Court will notice their existence, but will not accept the truth of the factual statements or opinions expressed therein. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (explaining that the court make take judicial notice of publications to indicate what was in the public domain, but not whether the content of the publications is true). For this same reason, and with the same limitation applied, the Court will also notice the articles about iCloud, the storage capacity of Apple devices and its competitor's devices, and the instructions from Apple's website explaining how to upgrade to iOS 8. *See* RJN,

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS
4

Exs. A, C-E, I-O, W, Y.

What remains are Exhibits F, G and BB, which are articles commenting on the merits of this action. Aside from whether or not they are proper matters to be noticed under Rule 201(b), the Court finds these articles irrelevant to any issue presented by this motion. Accordingly, the Court declines Apple's request to take judicial notice of these exhibits.

**B.   Failure to State a Claim**

Apple believes that Plaintiffs have failed to plead the necessary elements for violations of the CLRA, FAL and UCL. As will be explained, the Court agrees.

**i.   The Statutory Framework**

The UCL "prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice.'" *Id*. This can "include anything that can properly be called a business practice and that at the same time is forbidden by law." *Bank of the West v. Super. Ct.,* 2 Cal. 4th 1254, 1266, 10 Cal. Rptr. 2d 538, 833 P.2d 545 (1992) (internal quotations omitted). "In addition, a practice that is unfair or fraudulent may be the basis for a UCL action even if the conduct is 'not specifically proscribed by some other law.'" *Loeffler v. Target Corp*., 58 Cal. 4th 1081, 1125 (2014) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co*., 20 Cal. 4th 163, 180 (1999)).

The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading" in connection with the sale of "real or personal property" or "services." Cal. Bus. & Prof. Code § 17500. The statute generally prohibits false statements in advertising. *See Kwikset Corp. v. Super. Ct*., 51 Cal. 4th 310, 320 (2011) ("The state's false advertising law . . . is equally comprehensive within the narrower field of false and misleading advertising.").

The CLRA "provides a cause of action for 'unfair methods of competition and unfair or deceptive acts or practices' in consumer sales." *Berger v. Home Depot USA, Inc*., 741 F.3d 1061, 1069 (9th Cir. 2014) (quoting Cal. Civ. Code § 1770(a)). It prohibits a person from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients,

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS

5

uses, benefits, or quantities which they do not have," "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another," "[a]dvertising goods or services with intent not to sell them as advertised," and "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." Cal. Civ. Code §§ 1770(a)(5), (a)(7), (a)(9), (a)(16).

To state a plausible claim under any of these consumer protection statutes, a plaintiff "must allege that Defendant's representations are likely to deceive a reasonable consumer." *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW (AGRx), 2012 U.S. Dist. LEXIS 164461, at *6, 2012 WL 5502754 (C.D. Cal. Oct. 25, 2012) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).[1] A true representation can mislead a reasonable consumer if it is actually misleading or has the capacity, likelihood or tendency to deceive or confuse members of the public. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002). "The term 'likely' indicates that deception must be probable, not just possible." *McKinniss v. Sunny Delight Bevs. Co.*, No. CV 07-02034-RGK (JCx), 2007 U.S. Dist. LEXIS 96108, at *7, WL (C.D. Cal. Sept. 4, 2007) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)).

The question of whether a business practice is deceptive generally presents a question of fact not suited for resolution on a motion to dismiss. *See Williams*, 552 F.3d at 938. However, in certain instances, the court may be able to consider the viability of the alleged consumer law claims based on its review of the product packaging. *See Brockey v. Moore*, 107 Cal. App. 4th 86,

---

[1] Plaintiffs argue that "consumer expectations are not an element" of their UCL claim and, as such, that claim is exempt from the reasonable consumer test. Not so. The Ninth Circuit has explicitly held otherwise (*Williams*, 552 F.3d at 938), and the cases relied on by Plaintiffs for this proposition do not support them. The Court did apply the reasonable consumer test to the plaintiff's UCL claim in *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235, 1256-57 (2009), and the passage cited from *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197 (1983), is not a commentary on the test's application to UCL claims. In any event, California courts have consistently applied the reasonable consumer test to UCL claims even after *Children's Television*. *See, e.g.*, *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *McKell v. Washington Mutual, Inc*, 142 Cal. App. 4th 1457, 1471 (2006). The district court order filed in *Nava v. JP Morgan Chase Bank, N.A.*, CV 14-7601 DSF (PJWx), 2014 U.S. Dist. LEXIS 173261, at *9, WL (C.D. Cal. Nov. 25,2014), is in accord.

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS
6

100, 131, 131 Cal. Rptr. 2d 746 (2003) ("the primary evidence in a false advertising case is the advertising itself"). Thus, where a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate. *See, e.g.*, *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-66 (9th Cir. 2016) (affirming dismissal of claims that defendant deceived consumers about the amount of product in its lip balm because, among other things, an "accurate net weight label [wa]s affixed to every [] tube"); *Sugawara v. Pepsico, Inc.*, No. 208CV01335-MCEJFM, 2009 WL 1439115, at *3-4 (E.D. Cal. May 21, 2009) (finding that the packaging for Cap'n Crunch cereal and its use the term "Crunch Berries" was not misleading, as a matter of law); *Videtto v. Kellogg USA*, No. 2:08CV01324-MCEDAD, 2009 WL 1439086 at *2 (E.D. Cal., May 21, 2009) (dismissing UCL, FAL and CLRA claims based on allegations that consumers were misled into believing that "Froot Loops" cereal contained "real, nutritious fruit").

### ii. Reasonable Consumer Standard

Apple argues that Plaintiffs fail to allege that a reasonable consumer would likely be deceived by Apple's conduct. In the FAC, Plaintiffs appear to allege two related but slightly different theories of deception: First, Plaintiffs allege that "Apple specifically represented that the devices [purchased by Plaintiffs] had 16 GB of storage capacity," and that, based on this representation, Plaintiffs "expected that capacity would be available for personal use." FAC ¶¶ 18, 20, 23. Second, Plaintiffs allege that Apple "did not adequately disclose . . . the additional and substantial storage capacity that would be consumed by [iOS 8]" and that, because of this, Plaintiffs did not expect iOS to consume such a "substantial" portion of their device's storage capacity. *See id*. Each of these turn on different consumer expectations: the first assumes that consumers expected that 100% of the storage capacity (i.e., 8 GB or 16 GB) of their devices would be available for personal use; the second assumes that consumers expected that iOS would not take up as much storage space as it did. Thus, in order to assess Apple's grievances, the Court must address each theory separately.

### a. Alleged Deception into Believing that All Advertised Storage Capacity Would be Available for Personal Use

The Court begins with Plaintiffs' theory that they were deceived into thinking that all of the advertised storage capacity would be available for personal use. Plaintiffs allege that Apple made "claims, on its website, advertisements, product packaging, and on their promotional materials, that the devices came equipped with 16 GB of storage space." FAC ¶¶ 18, 20, 23.

This theory fails as a matter of law. In all of these materials, Apple clarified that the "actual formatted capacity" of these devices would be "less" than the full 16 GB. *See, e.g.*, RJN Ex. P, available at https://www.apple.com/iphone/compare ("1GB = 1 billion bytes; actual formatted capacity less.") (emphasis added). *See also* RJN Exs. Q, R (same). Accordingly, no reasonable consumer could have read these materials and concluded that an entire 16 GB would be available for personal use on a 16 GB iPhone. *Compare, e.g.*, *Ebner*, 838 F.3d at 965-66 (affirming dismissal of claims that defendant deceived consumers about the amount of product in its lip balm because each tube had an "accurate net weight label" and "the reasonable consumer [] understands that some additional weight at the bottom of the tube—not consisting of product—may be required to keep the tube upright").

Placing these representations in context underscores the absurdity of Plaintiff's theory. iPhones and iPads are not hard drives; they are fully functional devices that come pre-installed with an operating system and applications. Consumers know and expect this. No reasonable consumer would buy an iPhone or iPad and not expect that it would not already include this software. Although an average consumer is not an engineer, software and computers are pervasive enough in the modern world that a reasonable consumer would at least expect that software would require some storage space. Indeed, Plaintiffs' own allegations regarding iOS 7 admit as much. *See, e.g.*, FAC ¶¶ 18, 23 (referring to the "additional" storage capacity used by iOS 8 after upgrading from iOS 7); ¶ 26 (referring to the "decrease" in storage capacity after upgrading to iOS 8); ¶ 32 (alleging that Apple failed to disclose that upgrading from iOS 7 to iOS 8 will "cost . . . between 600 MB and 1.3 GB of storage space").

Accordingly, given that a reasonable consumer would expect that an iPhone and iPad

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS

8

would at least devote some storage space to iOS, and Apple itself disclosed that the "actual formatted capacity [of these devices was] less" than 16 GB, no reasonable consumer would have expected that all of the advertised storage capacity would be available for personal use. Plaintiffs' theory fails as a matter of law.

### b. Alleged Deception into Believing that iOS Would Not Consume as Much Storage Capacity that it Did

The Court turns next to Plaintiffs' theory that they were deceived into thinking that iOS 8 would not consume as much storage capacity as it did. For Plaintiffs Orshan and Henderson who upgraded devices running iOS 7 to iOS 8, Plaintiffs allege that they "upgraded to iOS 8 with the belief that the upgrade would not substantially inhibit [their] available storage capacity." FAC ¶¶ 18, 23. For Plaintiff Endara who purchased a device running iOS 8, Plaintiffs allege that he did not know that "the operating system and other pre-installed software consumed a substantial portion of the represented storage capacity." FAC ¶ 20.

Taking these allegations as true and construing them in the light most favorable to Plaintiffs, the Court cannot conclude, as a matter of law, that a reasonable consumer was not likely to be deceived in this way. Unlike Plaintiffs' first theory, none of the judicially noticed materials render these expectations impossible or unreasonable—it does not appear that Apple made specific statements in these materials about the size of iOS 8 or whether it would consume substantially more space than iOS 7. In addition, a reasonable consumer is not a software engineer and would not be expected to know, as a matter of common knowledge, how much space iOS consumes or the relative size differences between iOS 7 and iOS 8. Accordingly, the Court cannot conclude that Plaintiffs' theory is not legally cognizable at this stage.

### iii. Sufficiency of Pleadings

The question then becomes whether Plaintiffs have made sufficient factual allegations to state a claim under this latter theory. Ordinarily, claims must satisfy the pleading standard of Rule 8(a), which requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550

U.S. at 555. However, when claims sound in fraud, they must meet the heightened pleading standard of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

For their part, Plaintiffs do not necessarily dispute that Rule 9(b) applies to their FAL and CLRA claims, but argue that at least the unlawful and unfair prongs of their UCL claims fall outside the particularity requirement. Opp'n 13-15. On this issue, the Court agrees with Apple. All of Plaintiffs' claims must meet the Rule 9(b) standard because they all stem from one basic claim grounded in fraud, specifically, that Apple misrepresented the storage capacity of iPhones and iPads running iOS 8. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that Rule 9(b)'s particularity requirement applies to causes of action under the UCL and CLRA); *see also Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."). The UCL claim is no different from the FAL and CLRA claims in this respect, since it is based on these same misrepresentations. *See, e.g.*, FAC ¶ 54 ("Defendant knew, or should have known, that its misrepresentations, omissions, failure to disclose and/or partial disclosure omit material facts and are likely to deceive a reasonable consumer."). Plaintiffs identify no portion of their UCL claim that is grounded in separate unlawful or unfair conduct that is distinct from these alleged misrepresentations. *See* Opp. 14-15. As such, under this theory of liability, Plaintiffs simply cannot state a UCL claim without allegations based in fraud. *See Vess*, 317 F.3d at 1105 ("[I]f particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim."); *see also Kearns*, 567 F.3d at 1125 (holding that when a plaintiff alleges "a unified course of fraudulent conduct" and relies entirely on that conduct as a basis for the claim, "the claim is said to be 'grounded in fraud' or to 'sound in fraud,'" and must satisfy the particularity requirement of Rule 9(b)).

Applying Rule 9(b) to Plaintiffs' allegations, the Court agrees with Apple that Plaintiffs

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS
10

have failed to allege their UCL, FAL, and CLRA claims with sufficient particularity. As discussed above, Rule 9(b) requires that allegations be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged . . . ." *Semegen*, 780 F.2d at 731. Plaintiffs' allegations do not do this. They generally allege that Apple made "claims, on its website, advertisements, product packaging, and on their promotional materials, that the devices came equipped with 16 GB of storage space." FAC ¶¶ 18, 20, 23. They also claim, with respect to Plaintiffs Orshan and Henderson, that Apple "did not adequately disclose in conjunction with upgrades to iOS 8 the additional and substantial storage capacity that would be consumed by the upgrade." FAC ¶¶ 18, 23. Neither of these statements allow Apple to pinpoint which of its representations (or materials containing omissions) gave rise to the alleged mistaken expectations which underlie Plaintiffs' theory of deception—i.e., that Apple deceived Plainitffs into thinking that iOS 8 would not consume as much storage capacity as it did. As such, Plaintiffs' allegations do not allow Apple to defend these charges of fraud with any particularity and fall short of the pleading standards of Rule 9(b).[2]

### iv. Conclusion

Accordingly, because Plaintiffs' first theory that they were deceived into thinking that all of the advertised storage capacity would be available for personal use is not legally cognizable and Plaintiffs' second theory that they were deceived into thinking that iOS 8 would not consume as much storage capacity as it did is insufficiently plead, Plaintiffs have failed to state a claim upon which relief can be granted. The Court GRANTS Apple's motion and all of Plaintiffs' claims are DISMISSED.

---

[2] Although the Court analyzes the sufficiency of Plaintiffs' allegations under Rule 9(b), the Court notes that, even if it were to analyze these allegations under Rule 8(a), they would fail as well. Specifically, Plaintiffs allege no facts that would make it plausible that they indeed held the belief that iOS 8 would not consume a "substantial" amount of storage. *See* FAC ¶¶ 18, 20, 23 (alleging in a conclusory fashion that Plaintiffs believed that iOS 8 would not consume as "substantial" a portion of the storage space as it did, but providing no facts that would render these beliefs plausible). As such, Plaintiffs allegations regarding their beliefs are merely conclusory statements, which do not "raise [their] right to relief above a speculative level." *Twombly*, 550 U.S. at 556-57.

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS
11

## C. Leave to Amend

Leave to amend a complaint, while generally granted liberally, is properly denied when the amendments would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, amendment is futile as to Plaintiffs' first theory (that they were deceived into thinking that all of the advertised storage capacity would be available for personal use) because it fails as a matter of law. However, amendment is not futile as to Plaintiffs' second theory (that they were deceived into thinking that iOS 8 would not consume as much storage capacity as it did). Accordingly, the Court will allow amendment.

## D. Additional Grounds for Dismissal

Because the Court finds that Plaintiffs have failed to state a claim and grants Apple's motion with leave to amend, it need not decide at this stage whether the FAC should also be dismissed on the other grounds raised in Apple's motion, including that (1) the CLRA is inapplicable; and (2) Plaintiffs do not have standing to sue on products they did not purchase. Plaintiffs are advised that, should they choose to amend their pleadings, they should amend them with an eye towards resolving any potential issues raised on these grounds as well.

## IV. ORDER

Apple's motion to dismiss is GRANTED. All claims in the FAC are DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed on or before May 1, 2018, and must be consistent with the discussion above.

**IT IS SO ORDERED.**

Dated: March 27, 2018

EDWARD J. DAVILA
United States District Judge