United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL ORSHAN, et al.,<br>    Plaintiffs,<br>v.<br>APPLE INC.,<br>    Defendant. | Case No. 5:14-cv-05659-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 52 |

Plaintiffs Paul Orshan ("Orshan"), Christopher Endara ("Endara"), and David Henderson ("Henderson") (collectively, "Plaintiffs") filed this class action suit against Apple Inc. ("Apple" or "Defendant") on behalf of themselves and others similarly situated, alleging that Apple violated various consumer protection laws by misleading consumers regarding the storage capacity of certain mobile devices running iOS 8. Second Amended Complaint ("SAC"), Dkt. No. 48. On June 14, 2018, Apple moved to dismiss all of the claims in the SAC with prejudice. Dkt. No. 52 ("MTD"). On September 5, 2018, the matter was submitted for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, Apple's motion is granted.

## I. BACKGROUND

### A. Plaintiffs' First Amended Complaint

Plaintiffs initiated this action on December 30, 2014 and filed their First Amended Complaint ("FAC") on April 9, 2015. Dkt. Nos. 1, 18. Plaintiffs are California consumers who purchased Apple products running iOS 8. According to the allegations in the FAC, all three Plaintiffs purchased their devices "in reliance on Defendant's claims, on its website,

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT
1

advertisements, product packaging, and other promotional materials, that the devices came with 16 GB of storage space" and they "expected that capacity would be available for [their] personal use." *Id*. ¶¶ 18, 20, 23. Contrary to these expectations, anywhere from 18.1%-23.1% of this capacity (2.9-3.7 GB) was used by iOS 8 and not available to Plaintiffs for personal storage. *Id*. ¶¶ 28-30. Plaintiffs alleged that had they known this, they "would not have upgraded to iOS 8," "would not have purchased the 16 GB of storage capacity or would not have been willing to pay the same price for it." *Id*. ¶¶ 18, 20, 23.

Plaintiffs also alleged that in addition to not meeting consumer expectations, Apple "exploits the discrepancy between represented and available capacity for its own gain by offering to sell, and by selling, cloud storage capacity" through its iCloud service. *Id*. ¶ 36. The FAC stated that Apple charges anywhere from $0.99 to $29.99 per month for iCloud subscriptions, and Apple does not permit its users to use cloud storage services from other vendors. *Id*.

Plaintiffs' FAC asserted the following causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (2) violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.; and (3) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq. SAC ¶¶ 50-76

### B. The Court's Dismissal Order

Apple filed a motion to dismiss on May 15, 2015. Dkt. No. 24. On March 27, 2018, this court issued an Order Granting Motion to Dismiss First Amended Class Action Complaint. Dkt. No. 47. The court found that Plaintiffs' FAC appeared to allege two related but slightly different theories of deception underlying the alleged violations of the three consumer protection statutes. First, Plaintiffs alleged that "Apple specifically represented that the devices [purchased by Plaintiffs] had 16 GB of storage capacity" and that, based on this representation, Plaintiffs "expected that capacity would be available for personal use." FAC ¶¶ 18, 20, 23. This theory assumed that consumers expected that 100% of the storage capacity (i.e., 8 GB or 16 GB) of their devices would be available for personal use. Second, Plaintiffs alleged that Apple "did not adequately disclose . . . the additional and substantial storage capacity that would be consumed by

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT
2

United States District Court
Northern District of California

[iOS 8]" and that, because of this, Plaintiffs did not expect iOS to consume such a "substantial" portion of their device's storage capacity. *See id*. This second theory assumed that consumers expected that iOS would not take up as much storage space as it did.

This court held that Plaintiffs' first theory of fraud failed as a matter of law because Apple's website, advertisements, product packaging, and promotional materials clarified that the "actual formatted capacity" of Apple's devices would be "less" than the full 16 GB. Dkt. No. 47, p. 8 (citing RJN Ex. P, available at https://www.apple.com/iphone/compare ("1GB = 1 billion bytes; actual formatted capacity less.") (emphasis added) and RJN Exs. Q, R (same)). Therefore, no reasonable consumer could have read these materials and concluded that an entire 16 GB would be available for personal use on a 16 GB Apple device. The court also held that amendment was futile as to Plaintiff's first theory of fraud.

As to the second theory of fraud, this court held that Plaintiffs' allegations were insufficient to satisfy Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs generally alleged that Apple made "claims, on its website, advertisements, product packaging, and on their promotional materials, that the devices came equipped with 16 GB of storage space." FAC ¶¶ 18, 20, 23. Plaintiffs also claimed, with respect to Plaintiffs Orshan and Henderson, that Apple "did not adequately disclose in conjunction with upgrades to iOS 8 the additional and substantial storage capacity that would be consumed by the upgrade." FAC ¶¶ 18, 23. Neither Apple's alleged statements regarding 16 GB of storage space nor its alleged nondisclosure, however, supported Plaintiffs' mistaken expectations that iOS 8 would not consume as much storage capacity as it did. Therefore, the court granted Plaintiffs leave to amend the second theory of fraud.

### C. Plaintiffs' Second Amended Complaint

Plaintiffs filed the SAC on May 1, 2018. The SAC asserts the same UCL, FAL and CLRA claims based upon the same core allegation: that Apple represented on its website, advertisements, product packaging, and other promotional materials that Plaintiffs' devices came with 16 GB of storage space. SAC ¶¶ 15, 18, 20, 23. Newly added to the SAC is that "[t]his is the

principle false representation made by Defendant and relied upon by Named Plaintiffs Orshan, Endara and Henderseon [sic]." *Id.* ¶ 15.[1] Plaintiffs continue to allege that in reliance on the allegedly false representation, Plaintiffs expected that 16 GB would be available for personal use. *Id.* ¶¶ 18-23. Contrary to Plaintiffs' expectations, anywhere from 18.1%-21.3% of the 16 GB of storage capacity (~2.9-3.4 GB) was used by iOS 8 and not available for Plaintiffs' personal use. *Id.* ¶¶ 2, 11, 28-30. Plaintiffs also continue to allege Apple "did not adequately disclose in conjunction with upgrades to iOS 8 the additional and substantial storage capacity that would be consumed by the upgrade." *Id.* ¶¶ 18, 32. Plaintiffs estimate that iOS 8 uses between 600 MG and 1.3 GB more storage space than iOS 7, and that "no consumer could reasonably anticipate" this increase. *Id.* ¶ 32. Plaintiffs add to the SAC that Plaintiffs and consumers did not expect the iOS update to include unnecessary and unwanted applications that cannot be erased. *Id.* ¶ 18. Plaintiffs also reallege that Apple "exploits the discrepancy between represented and available capacity for its own gain by offering to sell, and by selling, cloud storage capacity to purchasers whose internal storage capacity is at or near exhaustion." *Id.* ¶ 36.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the

---

[1] This newly added allegation is inconsequential because the court has already held that this fraud theory fails as a matter of law. *See* Dkt. No. 47, p. 8-9 ("given that a reasonable consumer would expect that an iPhone and iPad would at least devote some storage space to iOS, and Apple itself disclosed that the "actual formatted capacity [of these devices was] less" than 16 GB, no reasonable consumer would have expected that all of the advertised storage capacity would be available for personal use.").

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT
4

speculative level" such that the claim "is plausible on its face." *Twombly*, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1998). "[M]aterial which is properly submitted as part of the complaint may be considered." *Twombly*, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

Fraud-based claims such as Plaintiffs' claims are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); *see also In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

**III. DISCUSSION**

**A. Request to Take Judicial Notice**

As a preliminary matter, Apple requests that this court again take judicial notice of items

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

5

the court took judicial notice of in ruling on the previous motion to dismiss. Plaintiffs do not oppose Apple's request. Dkt. No. 55, p. 6. Apple's request is granted for the reasons previously stated in the court's March 27, 2018 Order Granting Motion to Dismiss. The court will take judicial notice of the items, but will not accept the truth of the factual statements or opinions expressed therein. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (explaining that the court may take judicial notice of publications to indicate what was in the public domain, but not whether the content of the publications is true).

### B. Failure to State a Claim

As a result of the court's ruling on Apple's previous motion to dismiss, the only potentially viable theory of fraud remaining in this case depends on Plaintiffs' allegation that Apple deceived Plaintiffs into thinking that iOS 8 would not consume as much storage capacity as it did. Despite having been given leave to amend, the SAC still fails to allege facts to plausibly support this theory of fraud.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading" in connection with the sale of "real or personal property" or "services." *Id.* § 17500. The CLRA "provides a cause of action for 'unfair methods of competition and unfair or deceptive acts or practices' in consumer sales." *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1069 (9th Cir. 2014) (quoting Cal. Civ. Code § 1770(a)). To state a plausible claim under any of these consumer protection statutes, a plaintiff "must allege that Defendant's representations are likely to deceive a reasonable consumer." *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW (AGRx), 2012 U.S. Dist. LEXIS 164461, at *6, 2012 WL 5502754 (C.D. Cal. Oct. 25, 2012) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). A true representation can mislead a reasonable consumer if it is actually misleading or has the capacity, likelihood or tendency to deceive or confuse members of the public. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002). "The term 'likely' indicates that deception must be

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT
6

United States District Court
Northern District of California

probable, not just possible." *McKinniss v. Sunny Delight Bevs. Co.*, No. CV 07-02034-RGK (JCx), 2007 U.S. Dist. LEXIS 96108, at *7, WL (C.D. Cal. Sept. 4, 2007) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)).

The question of whether a business practice is deceptive generally presents a question of fact not suited for resolution on a motion to dismiss. *See Williams*, 552 F.3d at 938. However, in certain instances, the court may be able to consider the viability of the alleged consumer law claims based on its review of the product packaging. *See Brockey v. Moore*, 107 Cal. App. 4th 86, 100, 131, 131 Cal. Rptr. 2d 746 (2003) ("the primary evidence in a false advertising case is the advertising itself"). Thus, where a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate. *See, e.g.*, *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-66 (9th Cir. 2016) (affirming dismissal of claims that defendant deceived consumers about the amount of product in its lip balm because, among other things, an "accurate net weight label [wa]s affixed to every [] tube"); *Sugawara v. Pepsico, Inc.*, No. 208CV01335-MCEJFM, 2009 WL 1439115, at *3-4 (E.D. Cal. May 21, 2009) (finding that the packaging for Cap'n Crunch cereal and its use the term "Berries" was not misleading, as a matter of law); *Videtto v. Kellogg USA*, No. 2:08CV01324-MCEDAD, 2009 WL 1439086 at *2 (E.D. Cal., May 21, 2009) (dismissing UCL, FAL and CLRA claims based on allegations that consumers were misled into believing that "Froot Loops" cereal contained "real, nutritious fruit").

The SAC includes verbatim the allegations the court previously found were insufficient to state a plausible claim of fraud under any of the consumer protection statutes. Plaintiffs allege that Apple made claims, on its website, advertisements, product packaging, and on their promotional materials, that the devices came equipped with 16 GB of storage space. FAC ¶¶ 18, 20, 23; SAC ¶¶ 18, 20, 23. Plaintiffs Orshan and Henderson allege that they "upgraded to iOS 8 with the belief that the upgrade would not substantially inhibit [their] available storage capacity." FAC ¶¶ 18, 23; SAC ¶¶ 18, 23. For Plaintiff Endara who purchased a device running iOS 8, Plaintiffs allege that he did not know, and Apple did not adequately disclose, that the operating system and other pre-installed software consume a "substantial portion" of the represented storage capacity. FAC ¶ 20;

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT
7

1 SAC ¶ 20.

2 In ruling on Apple's motion to dismiss the FAC, this court already explained that these allegations do not allow Apple to pinpoint which of its representations (or materials containing omissions) gave rise to the alleged mistaken expectations which underlie Plaintiffs' theory of deception—i.e., that Apple deceived Plaintiffs into thinking that iOS 8 would not consume as much storage capacity as it did. Plaintiffs still fail to explain how much storage space they actually expected iOS 8 would use, the basis for this expectation, or how any of Apple's alleged misrepresentations or omissions created this expectation.

The newly added allegations in the SAC do not reveal anything more about Plaintiffs' mistaken expectations about iOS 8. For example, the SAC includes allegations regarding the new iPhone X and iPad 10.5. *See* SAC ¶¶ 1, 24. Plaintiffs point out that the iPhone X and iPad 10.5 have a higher "base memory" (64 GB) than earlier versions of these devices, while the size of their operating system (iOS 11) has decreased. The storage capacity of later versions of the iPhone and iPad and the size of iOS 11 could not possibly have affected Plaintiffs' expectations about iOS 8 at the time Plaintiffs bought or upgraded their devices.

Plaintiffs add allegations regarding the Apple Watch application as an example of a pre-installed application that consumers are "force[d] to retain" and are "unable to delete." *Id*. ¶¶ 2, 28. This application, however, was included in iOS 8.2, not iOS 8. *Id*. ¶ 2. Furthermore, Plaintiffs fail to explain how the inability to delete pre-installed applications shaped Plaintiffs' expectation about how much storage space iOS 8 would consume.

Plaintiffs add allegations regarding Samsung and its disclaimer about storage capacity in the Galaxy S8 smartphone. *Id*. Samsung provides the following disclaimer language regarding the storage capacity of its Galaxy S8 smartphone: "User memory is less than the total memory due to the storage of the operating system and software used to operate the features. Actual user memory will vary depending on the operator and may change after software upgrades are performed." *Id*. Plaintiffs fail to explain, however, how Samsung's representations about storage capacity in the Galaxy S8 smartphone could have reasonably influenced Plaintiffs' expectations

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT
8

about the storage capacity of their Apple devices at the time they purchased or upgraded the devices. Furthermore, Plaintiffs never claim to have seen or relied upon information about the Galaxy S8 smartphone.

Plaintiffs attempt to insert a new theory of fraud in the SAC, alleging that Apple's statement that "actual formatted capacity less" is misleading. *Id*. ¶ 27. Plaintiffs allege that this disclaimer was not sufficient to put Plaintiffs on notice of the difference between the 16 GB of space promised and the usable space received because the dictionary definition of "format" does not reference the operating system, "and it certainly does not mean the inclusion of software that cannot be erased or a partition of the available storage space beyond what is even required for the operating system." *Id*. According to Plaintiffs, the unnecessary applications that could not be deleted include: calculator, calendar, camera, clock, compass, contacts, FaceTime, game center, iTunes store, mail, maps, messages, music, newsstand, notes, passbook, photos, reminders, Safari, stocks videos, voice memos, and weather. *Id*.

None of these allegations salvage Plaintiffs' claims. Plaintiffs do not allege that they understood the term "formatted capacity" in the manner proposed above. And regardless of the dictionary definition of "format," no reasonable consumer could have read Apple's disclaimer and expected that all of the 16 GB would be available for personal use on their devices because the average consumer would know and expect that their Apple devices come pre-installed with an operating system and applications. Furthermore, no consumer could have read Apple's disclaimer and reasonably expected that iOS 8 would not consume a substantial amount of storage; the disclosure simply does not imply anything about the amount of storage iOS 8 would or would not consume. In sum, Plaintiffs have failed to plead facts that would make it plausible that they reasonably expected iOS 8 not to consume a substantial amount of storage.

//
//
//
//

Case No.: 5:14-cv-05659-EJD
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

9

## IV. ORDER

Apple's motion to dismiss is GRANTED. Given the futility of further amendment, Plaintiff's claims are dismissed without leave to amend.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 6, 2018

EDWARD J. DAVILA
United States District Judge