MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
ADAM M. KAPLAN (S.B. #298077)
akaplan@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant
APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL ORSHAN, CHRISTOPHER ENDARA, DAVID HENDERSON, and STEVEN NEOCLEOUS, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br><br>APPLE INC.,<br><br>        Defendant. | Case No.  5:14-CV-05659-EJD<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

    Plaintiffs Paul Orshan, Christopher Endara, David Henderson, and Steven Neocleous ("Plaintiffs") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

    Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for the

following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

(a)     Protected Material (defined below) designated under the terms of this Protective Order shall be used by a Receiving Party (defined below) solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery.  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to the attention of a Producing Party (defined below) that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c)     The Parties agree that this Order does not address the production of source code (including source and source code listings, object code and object code listings, executable code, and similar sensitive software code, whether in print or electronic form).  Before any Party requests such source code the Party making that request shall provide notice to all other Parties.  Upon receipt of such notice, the Parties agree to collectively negotiate in good faith a protective order governing the production of source code.

(d)     Nothing contained in this Order is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information or information (including metadata) for relevance, responsiveness and/or segregation of privileged or protected information before production.

2. **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this case.

(b)    "<u>Outside Counsel</u>" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)    "<u>Party</u>" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.  "Party," however, does not include members of the putative class(es) other than the named Plaintiffs (Paul Orshan, Christopher Endara, David Henderson, and Steven Neocleous).   Should additional pleadings naming additional individuals as named plaintiffs be filed, such individually named plaintiffs will also be included within the definition of "Party" for purposes of this Order.

(d)    "<u>Producing Party</u>" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e)    "<u>Protected Material</u>" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f)    "<u>Receiving Party</u>" means any Party who receives Discovery Material from a Producing Party.

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 6.

4.    **SCOPE**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

PROTECTIVE ORDER
CASE NO. 5:14-CV-05659-EJD

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     **<u>DURATION</u>**

Even after the final disposition of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.   Final disposition shall occur after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

6.     **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

(a)     <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)     <u>Secure Storage, No Export</u>.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(c)     <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole

PROTECTIVE ORDER
CASE NO. 5:14-CV-05659-EJD

or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d)     Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.     **DESIGNATING PROTECTED MATERIAL**

(a)     Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(b)     Manner and Timing of Designations.  Except as otherwise provided in this Order (e.g., Paragraph 7(c) regarding documents produced for inspection), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(c)     Written Discovery and Documents and Tangible Things.   Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for confidentiality, but excluding transcripts of depositions or other pretrial or trial proceedings, may be so designated by placing the appropriate designation on every page of the written material that contains Protected Material.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES

1   ONLY" during the inspection and re-designated, as appropriate, during the copying process.

2   (d)   <u>Native Files</u>.   Where electronic files and documents are produced in native

3   electronic format, such electronic files and documents shall be designated for protection under this

4   Order by appending to the file names or designators information indicating whether the file contains

5   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use

6   any other reasonable method for so designating Protected Material produced in electronic format.

7   When electronic files or documents are printed for use at deposition, in a court proceeding, or for

8   provision in printed form to an expert or consultant, the Party printing the electronic files or

9   documents shall affix a legend to the printed document corresponding to the designation of the

10  Designating Party and including the production number and designation associated with the native

11  file.  No one shall seek to use during any deposition or at trial in this litigation a .tiff, .pdf, or other

12  image format version of a document produced in native file format without first providing a copy

13  of the image format version to the Producing Party so that the Producing Party can review the image

14  to ensure that no information has been altered.  However, a Party seeking to use a native file as an

15  attachment or exhibit to a motion or other court filing need not first provide a copy of the image

16  format version to the Producing Party for inspection.

17  (e)   <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate

18  depositions and other testimony with the appropriate designation by indicating on the record at the

19  time the testimony is given or by sending written notice of how portions of the transcript of the

20  testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no

21  indication on the record is made, all information disclosed during a deposition shall be deemed

22  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be

23  appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the

24  transcript, or information contained therein prior to the end of the thirty (30) day period, may

25  provide written notice of its intent to treat the transcript as non-confidential, after which time, any

26  Party that wants to maintain any portion of the transcript as confidential must designate the

27  confidential portions within fourteen (14) days, or else the transcript may be treated as non-

28  confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject

PROTECTIVE ORDER
CASE NO. 5:14-CV-05659-EJD

to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

(b)    Unless otherwise ordered by the Court or permitted in writing by the designating Party, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

    i.    The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

    ii.    Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by

1   signing   a copy of Exhibit A, the "Acknowledgment and Agreement to Be
2   Bound";

3   iii.   Any outside expert or consultant retained by the Receiving Party to assist in this
4   action, provided that disclosure is only to the extent necessary to perform such
5   work; and provided that: (a) such expert or consultant has agreed to be bound by
6   the provisions of the Protective Order by signing a copy of Exhibit A-1, as set
7   forth in Section 8(c) below; (b) such expert or consultant is not a current officer,
8   director, or employee of a Party or of a competitor of a Party, nor anticipated at
9   the time of retention to become an officer, director, or employee of a Party or of
10   a competitor of a Party; and (c) such expert or consultant accesses the materials
11   in the United States only, and does not transport them to or access them from
12   any foreign (i.e., outside of the United States) jurisdiction;

13   iv.   Court reporters, stenographers, and videographers retained to record testimony
14   taken in this action;

15   v.   The Court, jury, and court personnel;

16   vi.   Graphics, translation, design, and/or trial consulting personnel, having first
17   agreed to be bound by the provisions of the Protective Order by signing a copy
18   of Exhibit A;

19   vii.   Mock jurors who have signed an undertaking or agreement not to publicly
20   disclose Protected Material and to keep any information concerning Protected
21   Material confidential;

22   viii.   Any mediator who is assigned to hear this matter, and his or her staff, subject to
23   their agreement to maintain confidentiality to the same degree as required by
24   this Protective Order; and

25   ix.   Any other person with the prior written consent of the Producing Party, who has
26   agreed to be bound by the provisions of the Protective Order by signing a copy
27   of Exhibit A.

28   (c)   Procedure for Disclosure of "CONFIDENTIAL" Information or Items to Experts:

- 7 -

Before any "CONFIDENTIAL" information, or substance or summary thereof, shall be disclosed to an expert or consultant, the expert or consultant shall sign and abide by the terms of the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound By Protective Order" (Exhibit A-1), confirming that he or she is not presently employed by, or providing any form of consulting services to, any business competitor of a Party, and that he or she will not accept employment with, consult with, or provide services to, any business competitor of a Party during the pendency of these proceedings.  An expert or consultant may make an application to the Court with advance notice and based upon a showing of good cause for modification of, or relief from, the obligations of Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound By Protective Order (Exhibit A-1) prior to reviewing any "CONFIDENTIAL" information.

9.      **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)      A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)      Unless otherwise ordered by the Court or permitted in writing by the designating Party, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

                i.      The Receiving Party's Outside Counsel, provided such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party

1    or a competitor of a Party, and such Outside Counsel's immediate paralegals

2    and staff, and any copying or clerical litigation support services working at

3    the direction of such counsel, paralegals, and staff;

4    ii.    Any outside expert or consultant retained by the Receiving Party to assist in

5    this action, provided that disclosure is only to the extent necessary to perform

6    such work; and provided that:  (a) such expert or consultant has agreed to be

7    bound by the provisions of the Protective Order by signing a copy of Exhibit

8    A-1, as set forth in Section 9(c) below; (b) such expert or consultant is not a

9    current officer, director, or employee of a Party or of a competitor of a Party,

10    nor anticipated at the time of retention to become an officer, director, or

11    employee of a Party or of a competitor of a Party; (c) such expert or

12    consultant is not involved in competitive decision-making, as defined by

13    *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on

14    behalf of a Party or a competitor of a Party; and (d) such expert or consultant

15    accesses the materials in the United States only, and does not transport them

16    to or access them from any foreign (i.e., outside of the United States)

17    jurisdiction;

18    iii.    Court reporters, stenographers, and videographers retained to record

19    testimony taken in this action;

20    iv.    The Court, jury, and court personnel;

21    v.    Graphics, translation, design, and/or trial consulting personnel, having first

22    agreed to be bound by the provisions of the Protective Order by signing a

23    copy of Exhibit A;

24    vi.    Any mediator who is assigned to hear this matter, and his or her staff, subject

25    to their agreement to maintain confidentiality to the same degree as required

26    by this Protective Order; and

27    vii.    Any other person with the prior written consent of the Producing Party, who

28    has agreed to be bound by the provisions of the Protective Order by signing

- 9 -

PROTECTIVE ORDER
CASE NO. 5:14-CV-05659-EJD

1        a copy of Exhibit A.

2        (c)     Procedure for Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3   Information or Items to Experts: Before any "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4   information, or substance or summary thereof, shall be disclosed to an expert or consultant, the

5   expert or consultant shall sign and abide by the terms of the "Expert/Consultant Acknowledgment

6   of Confidentiality and Agreement to Be Bound By Protective Order" (Exhibit A-1), confirming

7   that he or she is not presently employed by, or providing any form of consulting services to, any

8   business competitor of a Party, and that he or she will not accept employment with, consult with,

9   or provide services to, any business competitor of a Party during the pendency of these proceedings.

10  An expert or consultant may make an application to the Court with advance notice and based upon

11  a showing of good cause for modification of, or relief from, the obligations of Expert/Consultant

12  Acknowledgment of Confidentiality and Agreement to Be Bound By Protective Order (Exhibit A-

13  1) prior to reviewing any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

14  10.     **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

15      (a)     Timing of Challenges.  Any Party or Non-Party may challenge a designation of

16  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

17  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

18  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

19  challenge a confidentiality designation by electing not to mount a challenge promptly after the

20  original designation is disclosed.

21      (b)     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

22  by providing written notice of each designation it is challenging and describing the basis for each

23  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

24  recite that the challenge to confidentiality is being made in accordance with this specific paragraph

25  of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

26  begin the process by conferring directly (in voice to voice dialogue; other forms of communication

27  are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

28  Party must explain the basis for its belief that the confidentiality designation was not proper and

PROTECTIVE ORDER
CASE NO. 5:14-CV-05659-EJD

1   must give the Designating Party an opportunity to review the designated material, to reconsider the

2   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

3   designation. A Challenging Party may proceed to the next stage of the challenge process only if it

4   has engaged in this meet and confer process first or establishes that the Designating Party is

5   unwilling to participate in the meet and confer process in a timely manner.

6          (c)      Judicial Intervention. If the Parties cannot resolve a challenge without court

7   intervention, then the Parties must follow the procedures for resolving discovery disputes set forth

8   in the Court's Civil Standing Order.  *See* Civil Standing Order for Magistrate Judge Nathaniel

9   Cousins (updated March 15, 2019).  The Standing Order provides in relevant part: "If the parties

10  are unable to reach a resolution, they must file a joint statement of 5 pages or less that: (1)

11  describes each unresolved issue; and (2) states each party's proposed compromise with respect to

12  each unresolved issue. The parties may not attach declarations, exhibits, proposed orders, etc. to

13  the statement absent leave of Court. If the parties are unable to file a joint statement, each party

14  may file a statement of 2 pages or less."

15         The burden of persuasion in any such challenge proceeding shall be on the Designating

16  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

17  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

18  All parties shall continue to afford the material in question the level of protection to which it is

19  entitled under the Producing Party's designation until the court rules on the challenge.

20  11.   **SUBPOENAS OR COURT ORDERS**

21         (a)      If at any time Protected Material is subpoenaed by any court, arbitral administrative,

22  or legislative body, the Party to whom the subpoena or other request is directed shall immediately

23  give prompt written notice thereof, along with a copy of the subpoena or court order, to every Party

24  who has produced such Discovery Material and to its Outside Counsel and shall provide each such

25  Party with an opportunity to move for a protective order regarding the production of Protected

26  Material implicated by the subpoena.  The Party to whom the subpoena or court order is directed

27  shall cooperate with respect to all reasonable procedures sought to be pursued by the Party whose

28  Protected Material may be affected.

PROTECTIVE ORDER
CASE NO. 5:14-CV-05659-EJD

12.    **NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

(a)    The terms of this Protective Order apply to Protected Material produced by a non-Party in this litigation.  Such information produced by non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions shall be construed as prohibiting a non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a non-Party's confidential information in its possession, and the Party is subject to an agreement with the non-Party not to produce the non-Party's confidential information, the Party shall (i) notify the requesting party and the non-Party that some or all of the information sought is subject to a confidentiality agreement with a non-Party, (ii) provide the non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and (iii) make the requested information available for inspection to the non-Party.

(c)    If the non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, then the Receiving Party may produce the non-Party's confidential information responsive to the discovery request.  If the non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-Party before a determination by the Court.  Absent a Court order to the contrary, the non-Party shall bear the burden and expense of seeking protection in this Court of its confidential material.

13.    **FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)    Any Party is authorized under Civil Local Rule 79-5 and any relevant Court orders to file under seal Protected Material or documents containing or referencing such Material. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

- 12 -

PROTECTIVE ORDER
CASE NO. 5:14-CV-05659-EJD

1    protection under the law.

2    14.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

3           (a)     The inadvertent production by a Party of Discovery Material subject to the attorney-

4    client privilege, work-product protection, or any other applicable privilege or protection, despite

5    the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production,

6    will not waive the applicable privilege and/or protection if a request for return of such inadvertently

7    produced Discovery Material is made promptly after the Producing Party learns of its inadvertent

8    production.  This Order shall be interpreted to provide the maximum protection allowed by Federal

9    Rule of Evidence 502(d).

10          (b)     Upon a request from any Producing Party who has inadvertently produced

11   Discovery Material that it believes is privileged and/or protected, each Receiving Party shall

12   immediately return such material and all copies to the Producing Party, except for any pages

13   containing privileged markings by the Receiving Party which shall instead be destroyed and

14   certified as such by the Receiving Party to the Producing Party.

15          (c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own

16   use containing the date, author, addresses, and topic of the inadvertently produced Discovery

17   Material and such other information as is reasonably necessary to identify the Discovery Material

18   and describe its nature to the Court in any motion to compel production of the Discovery Material.

19   15.    **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

20          (a)     The inadvertent failure by a Producing Party to designate Discovery Material as

21   Protected Material with one of the designation provided for under this Order shall not waive any

22   such designation provided that the Producing Party notifies all Receiving Parties that such

23   Discovery Material is protected under one of the categories of this Order within thirty (30) days of

24   the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall

25   reproduce the Protected Material with the correct confidentiality designation within seven (7) days

26   upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the

27   correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the

28   Producing Party's option, all Discovery Material that was not designated properly.

(b)      A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

16.      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

(a)      In the event of a disclosure, inadvertent or otherwise, of any Discovery Material to any person(s) not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall (1) immediately notify in writing Outside Counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure, (2) promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (3) inform the person(s) to whom unauthorized disclosure was made of the terms of this Order, and (4) request such person(s) execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A.

(b)      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to protect the confidentiality of the document or information.

17.      **FINAL DISPOSITION**

(a)      Not later than ninety (90) days after the final disposition of this case, as set forth in Section 5 above, each Party shall return all Protected Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Receiving Party.  As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

(b)      All Parties that have received Protected Material shall certify in writing that all such

materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Protected Material, Outside Counsel may retain one set of pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival purposes.

18.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)   Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)   Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

19.   **MISCELLANEOUS**

(a)   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the final disposition of the above-captioned matter.  The Court shall retain jurisdiction after final disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)   Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action

or any other proceeding.

(e)     <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(g)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

**IT IS SO ORDERED.**

DATED: _____         _____
                                                                Hon. Edward J. Davila
                                                        UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER
CASE NO. 5:14-CV-05659-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, acknowledge and declare that I have received a copy of the Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order") issued by the United States District Court for the Northern District of California in *Orshan v. Apple Inc*., Civil Action No. 5:14-cv-05659-EJD.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of any proceeding to enforce the terms of the Order.

Name of Individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Date: _____

_____
[Signature]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A-1**

**EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare:

1.  I reside at _____

2.  I have read the Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order") in *Orshan v. Apple Inc.*, Civil Action No. 5:14-cv-05659-EJD, pending in the United States District Court for the Northern District of California.

3.  I am familiar with the contents of the Order and agree to comply and be bound by the provisions of it.

4.  I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any confidential information obtained pursuant to the Order.

5.  I agree to submit to the jurisdiction of the United States District Court for the Northern District of California for resolving any and all disputes regarding the Order and this Acknowledgment.  I further agree that any and all disputes regarding the Order and this Acknowledgment shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment.

6.  By signing below, I confirm that I am not currently and do not currently anticipate becoming an officer, director, or employee of, providing any form of consulting services to, or becoming involved in any competitive decision-making on behalf of any business competitor of any Party with respect to the subject matter of this suit (including any tablet or mobile phone operating systems, applications, products, or services).  I further agree: (1) during the pendency of these proceedings I shall not accept any position as an employee, officer, or director of any business competitor of any Party; (2) for the two years following the close of expert discovery or during the pendency of these proceedings, whichever is shorter, I shall not consult with, or provide

services to any business competitor of any Party; and (3) I shall not at any time, either during the

pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the

confidential information made available to me pursuant to the Order.

I declare under penalty of perjury under the laws of the State of California and the laws of

the United States that the foregoing is true and correct.

Executed on _____ at _____

_____

Name:

Address:

PROTECTIVE ORDER
CASE NO. 5:14-CV-05659-EJD