MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
ADAM M. KAPLAN (S.B. #298077)
akaplan@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:      (415) 984-8700
Facsimile:       (415) 984-8701

*Attorneys for Defendant*
APPLE INC.

MICHAEL MCSHANE (S.B. #127944)
mmcshane@audetlaw.com
AUDET & PARTNERS, LLP
711 Van Ness Ave., Suite 500
San Francisco, CA 94102
Telephone: (415) 568-2555

*Attorneys for Plaintiffs*
PAUL ORSHAN, CHRISTOPHER ENDARA, & DAVID HENDERSON
(Additional Counsel Listed in Signature Block)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL ORSHAN, CHRISTOPHER ENDARA, and DAVID HENDERSON, individually, and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br>           Defendant. | Case No.  5:14-CV-05659-EJD<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

**ESI STIPULATION**

Plaintiffs and Defendant Apple Inc. (each a "Party," and collectively, the "Parties") hereby agree, subject to approval by the Court, that the following procedures shall govern discovery of Electronically Stored Information ("ESI") in this case.[1] This Stipulation supplements the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**1.    Custodian names and search terms to be exchanged.**  The Parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review, and production of ESI, in response to any request for production.  ESI, including but not limited to electronic files and emails, shall be collected for each individual custodian from the personal computers, networks resources, and other electronic devices that those individuals use for work purposes.  Paper documents that are scanned or otherwise digitized are not considered ESI. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the Parties shall (at the producing Party's request) discuss further refinement of the culling effort.  That discussion shall include providing sufficient support for any steps taken to refine the corpus that establishes the party has satisfied its duty under the Federal Rules to conduct a reasonable and proportional search, including where necessary an explanation of any date range or other temporal limitations and search terms (or other methods) used to refine or narrow the scope of review.  The Parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but reserve the right to seek email from additional email custodians identified through further discovery.

**2.    Format for production of documents existing in electronic format.**  Except as otherwise provided for in this Stipulation or in the Parties' separate Stipulated Protective Order, all documents existing in electronic format shall be produced as follows:

---

[1] The Parties have separately agreed to a Stipulated Protected Order Regarding the Disclosure and Use of Discovery Materials (the "Stipulated Protective Order").  *See* Dkt. No. 94.

a) Documents may be produced as PDFs or TIFFs, at each Party's option, unless expressly stated otherwise in this Stipulation.

b) The Parties will meet and confer on the production format of less-commonly used file types, such as CAD, GIS data, materials and prototypes testing, etc.

c) Native files. The parties meet and confer to discuss requests for production of files in native format, or on a case-by-case basis. If the Parties are unable to reach agreement with regard to requests for additional documents in native-file format, the Parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

d) At least ten days before use at any deposition, the Parties may produce TIFF or PDF versions of any previously produced native file for use at the deposition.

e) The Parties shall use reasonable efforts to produce ESI with applicable metadata as specified in Attachment A, and searchable text extracted from the ESI. To the extent that metadata does not exist or is not reasonably accessible or available for any documents produced, nothing in this Stipulation shall require any Party to extract, capture, collect generate, or produce such data. The parties recognize that not every document will be collected so-as to preserve all metadata (e.g., targeted documents collected from a discrete location by a corporate paralegal do not need to employ forensic collection techniques). To the extent a document collected in that manner cannot be understood without some piece of missing metadata, the Parties may meet and confer regarding any request to attempt to supply the missing metadata for that document.

f) Redacted ESI will be produced as TIFFs or PDFs. Hard-copy documents will be scanned and produced as TIFFs or PDFs, with the following metadata fields

included (as described in Attachment A) where applicable: BegBates, EndBates, BegAttach, EndAttach, PageCount, Text, Custodian; and OCR'ed searchable text.

g) <u>Embedded Objects.</u> Where reasonably feasible, OLE embedded objects (embedded MS Office files, etc.) shall be extracted as separate files and treated as attachments to the parent document. Images embedded in any document shall not be produced separately.

h) <u>Load Files.</u> Productions will include image load files in Opticon or IPRO format as well as Concordance format data (.dat) files with the metadata fields identified in Attachment A for all included documents. All metadata will be produced in UTF-8 format.

i) <u>Text Files.</u> A single text file shall be provided for each document. The text file name shall be the same as the Bates number of the first page of the document with the document extension ".txt" suffixed. Files names shall not have any special characters or embedded spaces.

j) <u>TIFFs or PDFs</u>. All TIFFs produced by any party in this matter will be single page Group IV TIFF format, <u>300</u> dpi quality or better. All PDFs produced by any party in this matter will be multiple page, searchable PDF format at a resolution of at least 300 dpi. Image file names will be identical to the corresponding bates numbered images, with a ".tif" or ".pdf" file extension as applicable. The producing party will brand all TIFF or PDF images in the lower right-hand corner with its corresponding bates number, using a consistent font type and size. The Bates number should be designed to avoid obscuring any part of the underlying image.

k) <u>Date Fields Time Zone.</u> All documents shall be processed so as to show fielded dates and times in UTC.

l)  <u>Exception Files.</u> The Parties will use reasonable efforts and standard industry practices to address Documents that present imaging or form production problems (including encrypted and/or protected files identified during the processing of ESI).

m)  <u>Native File Image Placeholders.</u> A Bates-stamped placeholder TIFF or PDF, bearing the legend "This document has been produced in native format" shall be provided for ESI produced in native format; these placeholders will be Bates numbered in the same way as any other TIFF or PDF, and the Bates number of that single page shall be used as the BegBates and EndBates of the associated document.

n)  <u>Databases, Structured, Aggregated or Application Data.</u> To the extent structured data cannot be exported in a reasonably understandable format, the Parties will meet and confer to address the production and production format.

o)  <u>De-NISTing.</u>  Electronic files may be De-NISTed, removing commercially available operating system and application file information contained on the current NIST file list.

p)  <u>Unitization of Hard Copy Documents</u>: Apple does not anticipate that there will be much, if any, hard copy discovery.  If there are hard copies, the parties will discuss review of the hard copies in the paper format or use reasonable efforts to unitize images of hard copy documents, to the extent the original documents appeared to be units in physical form.  Attachments should follow parents, and folders or binders should be coded as the parent.  There is no requirement that a producing party objectively code hard copy documents to provide metadata fields not otherwise available.

q)  <u>Proprietary Software.</u> To the extent that relevant ESI cannot be rendered or reviewed without the use of proprietary software, the parties shall meet and confer to discuss production.

r)  The producing party will brand any confidentiality endorsements in a corner of

any TIFF or PDF images representing the produced item. Those endorsements should be in a consistent font type and size, and should avoid obscuring any part of the underlying image or Bates number.

s)  Email Threading.  No email may be withheld because it is included in whole or in part in a more inclusive email, although parties may use email threading for their own internal review and other internal processes.

**3.**   **Source code.**  This Stipulation does not govern the format for any production of source code, which shall be produced, if at all, pursuant to relevant provisions of a separate Protective Order or other agreement between the Parties.

**4.**   **Requests for hi-resolution or color documents.**  The Parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing Party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing Party shall not object if the document as originally produced is illegible or difficult to read. The producing Party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the Parties will meet and confer in good faith to try to resolve it.

**5.**   **Documents protected from discovery.**  Communications involving outside and/or in-house counsel that post-date the filing of the original complaint need not be placed on any privilege log.

**6.**   **Technology Assisted Review.**  Nothing in this Order prevents the Parties from agreeing to use technology-assisted review insofar as it improves the efficacy of discovery.

**7.**   **Non-Waiver.**  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a

mass production is not itself a waiver in this case or in any other federal or state proceeding.

**8.** **Modifications**: Any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing.

**IT IS SO STIPULATED.**

Dated: October 20, 2020

O'MELVENY & MYERS LLP
MATTHEW D. POWERS
ADAM M. KAPLAN

By: /s/ Matthew D. Powers
   Matthew D. Powers

Attorneys for Defendant
APPLE INC.

Dated: October 20, 2020

MICHAEL MCSHANE
LING Y. KUANG
AUDET & PARTNERS, LLP

WILLIAM H. ANDERSON
MATTHEW K. HANDLEY
REBECCA P. CHANG
HANDLEY FARAH & ANDERSON, PLLC

CHARLES J. LADUCA
C WILLIAM FRICK
CUNEO GILBERT & LADUCA LLP

JON M. HERSKOWITZ
BARON & HERSKOWITZ

ROBERT K. SHELQUIST
REBECCA A. PETERSON
LOCKRIDGE GRINDAL NAUEN PLLP

By: /s/ Michael McShane
   Michael McShane

Attorneys for Plaintiffs
PAUL ORSHAN, CHRISTOPHER ENDARA, & DAVID HENDERSON

## ATTESTATION OF FILING

Pursuant to Local Rule 5.1(i)(3), I hereby attest that concurrence in the filing of this ESI Stipulation and [Proposed] Order has been obtained from Michael McShane.

Dated: October 20, 2020          O'MELVENY & MYERS LLP

By: /s/ Matthew D. Powers
         Matthew D. Powers

Attorneys for Defendant
APPLE INC.

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:

_____
Edward J. Davila
United States District Judge

# EXHIBIT A

# TABLE OF METADATA FIELDS

**Attachment A**

ESI STIPULATION
CASE NO. 5:14-CV-05659-EJD

| Field | Definition | Doc Type |
|---|---|---|
| CUSTODIAN | Name of person or other data source (non-human) from where documents/files are produced. *Where redundant names occur, individuals should be distinguished by an initial which is kept constant throughout productions (e.g., Smith, John A. and Smith, John B.)* | All |
| BEGBATES | Beginning Bates Number (production number) | All |
| ENDBATES | Ending Bates Number (production number) | All |
| PGCOUNT | Number of pages in the document | All |
| FILESIZE | File Size | All |
| FILENAME | Original file name at the point of collection | E-Document |
| NATIVEFILELINK | For documents provided in native format only | All |
| TEXTPATH | File path for OCR or Extracted Text files | All |
| FROM | Sender | E-mail |
| TO | Recipient | E-mail |
| CC | Additional Recipients | E-mail |
| BCC | Blind Additional Recipients | E-mail |
| SUBJECT | Subject line of e-mail | E-mail |
| ATTACHBATES | Bates number from the first page of each attachment | E-mail |
| BEGATTACH | First Bates number of family range (i.e. Bates number of the first page of the parent e-mail or document) | E-mail, E-Documents |
| ENDATTACH | Last Bates number of family range (i.e. Bates number of the last page of the last attachment or, if no attachments, the document itself) | E-mail |
| ATTACHCOUNT | Number of attachments to an e-mail | E-mail |
| DATESENT (mm/dd/yyyy hh:mm:ss AM) | Date Sent | E-mail |

| DATERCVD (mm/dd/yyyy hh:mm:ss AM) | Date Received | E-mail |
|---|---|---|
| HASHVALUE | MD5 hash value | All |
| TITLE | Internal document property | E-document |
| AUTHOR | Internal document property | E-document |
| DATECRTD (mrn/dd/yyyy hh:mm:ss AM) | Creation Date | E-document |
| LAST MODIFIED BY | Last person who modified (saved) a document | E-document |
| LASTMODD (mrn/dd/yyyy hh:mm:ss AM) | Last Modified Date | E-document |
| FileExtension | The file extension for the file. | All |
| ProdVol | Name of media that data was produced on. | All |