Ling Y. Kuang (SBN 296873)
Kurt D. Kessler (SBN 327334)
Michael A. McShane (SBN 127944)
lkuang@audetlaw.com
kkessler@audetlaw.com
mmcshane@audetlaw.com
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

*Counsel for Plaintiffs Orshan, et al., on behalf of themselves and all others similarly situated*

[Additional Plaintiffs' Counsel on Signature Page]

Matthew D. Powers (SBN 212682)
Andrew J. Weisberg (SBN 307519)
mpowers@omm.com
aweisberg@omm.com
**O'MELVENY & MYERS, LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

*Counsel for Defendant Apple Inc.*

A&P | AUDET & PARTNERS LLP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL ORSHAN, CHRISTOPHER ENDARA, DAVID HENDERSON, and STEVEN NEOCLEOUS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No: 5:14-CV-05659-EJD<br><br>**JOINT STATEMENT REGARDING PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RELATED TO APPLE'S EMPLOYEE DIRECTORY**<br><br>Consol. Am. Compl. Filed: July 17, 2020<br>Trial Date: N/A<br><br>District Judge: Hon. Edward J. Davila<br>Magistrate Judge: Hon. Nathanael M. Cousins |

Pursuant to the Court's Standing Order, Paul Orshan, Christopher Endara, David Henderson, and Steven Neocleous (collectively, "Plaintiffs") and Apple Inc. ("Apple" or "Defendant") (together, "the Parties") hereby submit this joint statement regarding Plaintiffs' motion to compel further production of documents in response to Plaintiffs' Requests for Production ("RFP") No. 37.

**JOINT DESCRIPTION OF UNRESOLVED ISSUE**

Plaintiffs' RFP No. 25 seeks "All organizational charts regarding YOUR employees involved with STORAGE CAPACITY of the DEVICES." In operative part, Apple's response states: "Apple does not have a central repository of organizational charts. To the extent non-privileged documents reflecting relevant organizational structures can be found in the files of the custodians designated in this case, they will be produced." Plaintiffs subsequently explained in meet-and-confer discussions that RFP No. 25 sought information from Apple Directory ("Directory"), a database containing employee information. Apple responded that the Directory is neither a "document" nor a "chart," and information contained within it is thus not responsive to RFP No. 25. Plaintiffs then served RFP No. 37, which seeks:

> All DOCUMENTS describing the organizational structure of, and/or listing personnel working within, any division or unit of APPLE that is responsible for the STORAGE CAPACITY of the DEVICES and/or iOS 8, as well as those involved in marketing, accounting, and handling customer complaints and inquiries regarding the DEVICES and iOS 8, including any organizational information or employee directories pertaining to such business unit(s) or division(s).

Apple's Response objected to that Request, *inter alia,* as "overbroad, unduly burdensome, and not proportional to the needs of this case, because it seeks 'all' documents regarding Apple divisions or units 'responsible' for 'iOS 8,' 'marketing,' 'accounting,' and 'handling customer complaints and inquiries regarding the DEVICES and iOS 8,' without limitation as to time, source, content, or scope." Apple similarly objected to the Request's demand for "'All DOCUMENTS … listing personnel' within 'any' Apple divisions" as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks, for example, unnecessary information regarding Apple's accountants. Subject to those and other objections, Apple responded: "Apple directs Plaintiffs to its response to Request for Production No. 25. . . ." Plaintiffs assert that Apple's response is inaccurate, and seek to compel Apple's production of all documents responsive to RFP No. 37.

## I. PLAINTIFFS' POSITION AND PROPOSED COMPROMISE.

Apple's main defense in this matter centers on certain disclaimer language included on product boxes, but it so far has failed to identify ***anyone*** who drafted or approved the language. Stymied, Plaintiffs requested organizational information to determine who and what departments were in charge of what, going back 10-plus years - the subject of this motion. Plaintiffs sought to compromise by seeking narrowed access to and/or limited production from the Apple Employee Directory ("the Directory").[1] Focusing on the custodians Apple itself identified and other select relevant individuals within the Directory can circumscribe any burden. Apple, however, has stonewalled any attempts to reach an agreement here, and in fact refuses to even acknowledge the Directory contains the type of information relevant to RFP No. 25 and 37, *see supra*. Apple's current production,[2] and last-minute offers on the eve of this filing,[3] fails to substantiate what burden—if any—exists[4] in providing the organizational information sought. What Apple's offers *have shown* is that it can provide historical "snapshots" of hierarchal information—but has not fully done so. Apple's tactics are all the more egregious because it previously sought to compel the same information in this Court[5] and was successful in doing so.

Plaintiffs' arguments mirror those successfully made by Apple in the *Cameron* action, where Apple moved to compel compliance with its request seeking "organizational charts or employee

[1] The Directory is an internal app/database that contains information on an Apple employee's name and contact details, work group (i.e., department), and manager (i.e., organizational hierarchy). It not only provides hierarchal information, but structural information (what departments exist) that Plaintiffs have long sought.

[2] The organizational documents Apple has produced in lieu (see fn. 8 below) are either representative of sporadic time periods (instead of the core period of 2014-15 that Apple itself has asserted as the only relevant time period) or list arbitrary departments (i.e., marketing in 2017, and engineering in 2019) and thus fail to identify all relevant departments from the time periods that Plaintiffs seek. More troubling and a separate issue, these Apple documents reference an internal address ("orgcharts.apple.com") and call into question the accuracy of Apple's formal response to RFP 25 that it "does not have a central repository of organizational charts."

[3] It's now abundantly clear, and only after Plaintiffs stated they would raise the issue with the Court, that Apple could, and indeed Apple itself has confirmed it can, "determine historic reporting information for a specific individual" and provide this information "for certain 'snapshot' dates." This last-minute information aside, Apple's belated "offers" to compromise unfairly limit the information to Plaintiffs to only **7 individuals** (the custodians), and will only identify who they reported to (or received reports from). Nothing is provided for departmental structure, titles/roles, or those who are more than one "level" from these custodians. Apple should have produced this information long ago. Moreover, Apple has also never confirmed that historical backups of the Directory do not exist in some form, and only now in its filing identified that a tool existed (orgcharts.apple.com) for capturing what are definitively organizational charts. *See* fn. 2.

[4] *Columbia Pictures Indus. v. Bunnell*, 2007 U.S. Dist. LEXIS 101968, at *17 (C.D. Cal. May 3, 2007) ("[D]efendants have provided no facts or evidence to support a finding that production of all versions of the content, databases, and software would be unduly burdensome and/or harassing").

[5] *Cameron v. Apple Inc.* (*In re Apple iPhone Antitrust Litig.*), Case No. 4:19-cv-3074-YGR-TSH (N.D. Cal.).



A&P AUDET & PARTNERS LLP

directories relating to the Galaxy Store and app review." *Cameron*, Dkt. No. 101 at 13:24-25. Apple noted that it "may use this information to conduct further discovery—including depositions of pertinent decisionmakers." *Id*. at 14:3-5 (citation omitted). Plaintiffs here seek to use organizational information for the same purpose. Apple further argued that it "may also use this information to test the adequacy of Samsung's responses to Apple's substantive requests." *Id*. at 14:7-9. Plaintiffs also seek this information to test the adequacy of the Apple self-identified custodians and sufficiency of the related productions. Moreover, Apple here, like Samsung in refusing to provide this information in *Cameron*, directed the opposing party to public sources like LinkedIn. But Apple had argued that "these sources are not always accurate," (*id*. at 14:13-14). Plaintiffs have argued the same here. Ultimately, Apple concluded that "documents responsive to Apple's Requests are proper subjects of discovery under the Federal Rules' "extremely broad" standard for relevance." *Id*. at 14:18-20 (citation omitted). Plaintiffs agree. On reply in *Cameron*, Apple further argued, similar to Plaintiffs' position here, that "Samsung has until now refused to provid[e] Apple with any information about who within its organization is responsible for the Galaxy Store and related functions." *Cameron*, Dkt. No. 111 at 3:11-15. Likewise here, Apple has not identified the timeframe of creation, nor any individual responsible for the origination of Apple's 'disclaimer language' at the heart of this litigation. Indeed, the RFP that Apple served is nearly identical to the one here. *See Cameron*, Dkt. No. 101-2 at 13; *compare with Orshan* Plaintiffs' RFP No. 37, *supra*. The *Cameron* Court agreed with Apple, holding that "Samsung hasn't offered any coherent objection to producing these documents, and it's hard to see how doing so could be competitively disadvantageous for Samsung or unduly burdensome." *Cameron*, Dkt. 125 at 21-22.

Given the readily available nature of the Directory and historical "snapshots," there is no coherent reason to force Plaintiffs to seek this information by other means or deny Plaintiffs access to this information that is clearly responsive to the request and routinely produced. *See* Plaintiffs' Jan. 8, 2021 Letter.[6] In actions going back 10-plus years, knowing the positions and reporting structures for long-tenured Apple employees is critical for streamlining discovery and depositions.

[6] *Citing Xie v. De Young Props, 5418 L.P.*, 2018 U.S. Dist. LEXIS 227572, at *3 (E.D. Cal. Aug. 7, 2018) ("The Court finds this organizational chart is relevant […] and proportional"); *Hartsock v. Goodyear Dunlop Tires N. Am. LTD*, 2013 U.S. Dist. LEXIS 183182, at *26-27 (D.S.C. Nov. 22, 2013) (collecting cases).

## II. APPLE'S POSITION AND PROPOSED COMPROMISE.

This motion is not only unnecessary, it is wrong in every aspect. Apple has already provided organizational and reporting information contemporaneous with Plaintiffs' claims from 2014-2015 through custodial documents reflecting relevant organizational structures, and through testimony regarding its custodians' reporting relationships. Yet, Plaintiffs now seek access to/production from Apple Directory—an internal database, not an organizational chart, containing only *current* employee-level information not relevant to the 2014-2015 devices at issue or iOS 8. Plaintiffs' Motion should be denied because: (1) Apple Directory is not relevant to this case or connected to an existing RFP; (2) Plaintiffs already have the information they need; and (3) *Cameron* is inapposite.

***First***, Plaintiffs misrepresent what Apple Directory is. Apple Directory contains only *current* information about *current* employees, and is therefore not relevant to Plaintiffs' claims, or responsive to RFP Nos. 25 or 37 (which seek organizational information during the iOS 8 period). It does not contain historical reporting structures—let alone those related to iOS 8, or the devices at issue here. And while Plaintiffs claim they need Apple Directory because Apple has not identified the "timeframe of" or "individual responsible for" creating the disclaimer, Plaintiffs know use of that language dates back to the 1990s. Thus, Apple Directory's information about current employees provides no assistance. Further, Plaintiffs' demand for "access to and/or limited production from the Apple [ ] Directory" is invalid: Plaintiffs have established no right to "access" Apple Directory,[7] and, moreover, Plaintiffs may only move to compel compliance with existing discovery requests. Fed. R. Civ. P. ("FRCP") 37(a)(3). While Plaintiffs claim that RFP Nos. 25 and 37 necessitate such production, neither does. Every RFP must specifically "describe . . . each item or category of items" sought (FRCP 34(b)(1)), and RFP No. 25 asks Apple to produce only "organizational charts." Apple Directory is a database, not an "organizational chart," so the production Plaintiffs seek cannot arise from RFP No. 25. And while RFP No. 37 is so vague and overbroad it provides little guidance about what Plaintiffs seek (and therefore can ask this Court to compel), Apple Directory is outside its scope: Apple Directory does not "describe" or "list[ ] personnel" by a "division or unit," but by employee,

[7] *See Moser v. Health Ins.*, 2018 WL 6735710, at *5 (S.D. Cal. Dec. 21, 2018) (quoting *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003)) ("Rule 34(a) does not grant unrestricted, direct access to a respondent's database compilations."); *id.* ("Rule 34(a) allows the responding party to search his records to produce the [ ] relevant data.").

and its *current* employee information does not reflect who worked on iOS 8 or the devices at issue.

***Second***, Apple has already produced considerable information about its organizational structure during the time period at issue. While Plaintiffs note that historical and organizational information is "routinely produced," they neglect to mention that Apple *has already provided it*—through deposition testimony and the 20 documents reflecting relevant organizational structures that Apple produced from its custodial files in response to RFP No. 25.[8] Moreover, during meet-and-confer conversations Plaintiffs rejected Apple's offer to provide historic and current "one level up" and "one level down" reporting relationships for each custodian (despite current relationships' lack of relevance). Tellingly, Plaintiffs have made no effort to explain how Apple's offer is deficient, or what additional relevant information they need—let alone how it could come from Apple Directory.

***Third,*** Plaintiffs place significant weight on *Cameron*, but the facts are inapposite and the requested discovery here is disproportionate to the needs of this case. For example, Plaintiffs claim the RFP in *Cameron* is "nearly identical to" RFP No. 37 here, but ignore that the RFP in *Cameron* sought relevant reporting relationships regarding a lawsuit over *current* practices—not current reporting information for years-old claims, as Plaintiffs do here.[9] And unlike the instant matter, in *Cameron*, Samsung resisted Apple entirely, refusing to produce any information, including organizational charts.[10] Plaintiffs here have received organizational charts and testimony regarding reporting structure during the iOS 8 period, and Apple offered more in compromise. Plaintiffs also ignore the disproportionality of requesting (1) information from / access to Apple Directory—it is an internal database containing only current information irrelevant to the issues and resolving Plaintiffs' claims—and (2) historical reporting for unspecified employees. This motion should be denied.

---

[8] The documents Apple produced provide considerable information about organizational structure. *See, e.g.*, APL-ORSHAN_00210519 (Feb. 2014) (discussing structure of "Storage Technologies" and "Storage Systems" teams, including that Apple custodian Chris Sarcone led those teams and listing direct reports); APL-ORSHAN_00211273 (Aug. 2015) (org chart depicting multiple teams' structures, including "Mass Storage," "Flash Storage," and "Consumer Storage," and "NAND Storage" teams); APL-ORSHAN_00204521 (Feb. 2017) (depicting structure of product marketing team, including subdivisions covering areas such as "Device capacity KBs" and listing Apple custodians C. Dantas and K. Knight). Plaintiffs also question the accuracy of Apple's response to RFP No. 25, pointing to a reference in certain documents to orgcharts.apple.com, but that URL provides *current* team snapshots, not historical information.

[9] *In re Apple iPhone Antitrust Litig.*, 2020 WL 5993223, at *1, 11 (N.D. Cal. Oct. 9, 2020).

[10] Notably, *Cameron* did not address the question of compelling a party to provide access to/produce from an alternative (and irrelevant) data source when that party does not have historical organizational charts. Samsung did not argue it had no central repository of organizational charts, as is the case here; Samsung simply refused to produce anything on relevance grounds. Apple, on the other hand, has provided relevant information via custodial documents and testimony.



A&P AUDET & PARTNERS LLP

Respectfully submitted,

Dated: February 10, 2022

By: s/ *Matthew D. Powers*

Matthew D. Powers
Andrew J. Weisberg
**O'MELVENY & MYERS, LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
Emails: mpowers@omm.com
aweisberg@omm.com

*Counsel for Defendant Apple Inc.*

Dated: February 10, 2022

By: s/ *William H. Anderson*

William H. Anderson (*pro hac vice*)
**HANDLEY FARAH & ANDERSON PLLC**
4730 Table Mesa Drive, Suite G-200
Boulder, CO 80305
Telephone: (303) 800-9109
Email: wanderson@hfajustice.com

Robert Shelquist
Rebecca Peterson
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (415) 568-2555
Telephone: (612) 339-6900
Emails: rkshelquist@locklaw.com
rapeterson@locklaw.com

Stephen Pearson
Matthew K. Handley
**HANDLEY FARAH & ANDERSON PLLC**
200 Massachusetts Avenue, NW, 7th Floor
Washington, DC 20001
Telephone: (303) 800-9109
Emails: spearson@hfajustice.com
mhandley@hfajustice.com

Jon M. Herskowitz
**BARON & HERSKOWITZ**
9100 S. Dadeland Boulevard, Suite 1704
Miami, FL 33156
Telephone: (305) 670-0101
Email: jon@bhfloridalaw.com

Ling Y. Kuang (SBN 296873)
Kurt D. Kessler (SBN 327334)
Michael A. McShane (SBN 127944)
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
Emails: lkuang@audetlaw.com
kkessler@audetlaw.com
mmcshane@audetlaw.com

Charles J. LaDuca
**CUNEO GILBERT & LADUCA LLP**
4725 Wisconsin Avenue, N.W., Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Email: charlesl@cuneolaw.com

Rebecca P. Chang
**HANDLEY FARAH & ANDERSON PLLC**
81 Prospect Street
Brooklyn, NY 11201
Telephone: (303) 800-9109
Email: rchang@hfajustice.com

Clayton Halunen
**HALUNEN & ASSOCIATES**
80 South Eighth Street, Suite 1650
Minneapolis, MN 55402
Telephone: (612) 605-4098
Email: halunen@halunenlaw.com

*Counsel for Plaintiffs Orshan, et al., on behalf of themselves and all others similarly situated*

**CIVIL L.R. ATTESTATION**

I, the undersigned, am the ECF user whose identification and password are being used to file this document. I hereby attest and represent, in compliance with Civil L.R. 5-1(h)(3), that all other signatories listed above, and on whose behalf the filing is submitted, have concurred in the filing of this document and have approved its contents.

Dated: February 10, 2022

By: s/ *Ling (David) Kuang*

Ling Y. Kuang (SBN 296873)
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Telephone: (415) 568-2555
Email: lkuang@audetlaw.com

*Counsel for Plaintiffs Orshan, et al., on behalf of themselves and all others similarly situated*

A&P | AUDET & PARTNERS LLP