MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
ANDREW J. WEISBERG (S.B. #307519)
aweisberg@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:     (415) 984-8701

Attorneys for Defendant
Apple Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PAUL ORSHAN, CHRISTOPHER ENDARA, DAVID HENDERSON, and STEVEN NEOCLEOUS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:14-CV-05659-EJD<br><br>**JOINT STATEMENT OF DEFENDANT APPLE INC. AND PLAINTIFFS PAUL ORSHAN, CHRISTOPHER ENDARA, DAVID HENDERSON, AND STEVEN NEOCLEOUS REGARDING APPLE'S MOTION TO COMPEL FURTHER RESPONSES IN RESPONSE TO INTERROGATORIES (SET ONE)**<br><br>Consol. Am. Compl.<br>Filed:           July 17, 2020<br>Trial Date:    None Set<br><br>Judge:                      Hon. Edward J. Davila<br>Magistrate Judge:   Hon. Nathanael M. Cousins |

1  Pursuant to the Court's Civil Standing Order dated March 15, 2019, Defendant Apple Inc.
2  ("Apple") and Plaintiffs Paul Orshan, Christopher Endara, David Henderson, and Steven
3  Neocleous (collectively, "Plaintiffs") submit this joint statement regarding Apple's motion,
4  pursuant to Fed. R. Civ. P. ("FRCP") 37, to compel Plaintiffs' production of further responses in
5  regard to Apple's First Set of Interrogatories ("SIs") No. 11.

**I.     DESCRIPTION OF UNRESOLVED ISSUES**

Apple served its SIs (Set 1) on February 4, 2021. SI No. 11 asks Plaintiffs to "[d]escribe all facts that [they] contend support [their] allegation in paragraph 31 of the Complaint that [neither] Plaintiffs 'nor any reasonable consumer expected (or could have reasonably expected) that a shortfall ranging between 18.2-21.3% existed between the advertised and actual capacity of the devices purchased.'"

Plaintiffs provided their initial responses to Apple's first set of SIs on April 6, 2021. The parties subsequently engaged in numerous meet-and-confer discussions. Plaintiffs then served first supplemental responses on August 30, 2021 and second supplemental responses on October 12, 2021. The parties discussed Plaintiffs' second supplemental responses during an October 25, 2021 meet-and-confer call; in a December 3, 2021 email from Apple; and again during a December 16, 2021 meet-and-confer call. Plaintiffs then served third supplemental responses on December 22, 2021. Apple believes that Plaintiffs' current (*i.e.,* third supplemental) response to SI No. 11 fails to answer the interrogatory sufficiently and must be further supplemented. Plaintiffs disagree.

## II. APPLE'S POSITION AND PROPOSED COMPROMISE

In this putative consumer class action, Plaintiffs allege that Apple misled consumers who purchased 16 GB iPads and iPhones because iOS 8 occupied more storage space on those devices than those consumers "expected" it would. *See* Dkt. 80. According to Plaintiffs, had they known that iOS 8 used 2-3 GB of storage space, they would have made different decisions when purchasing their devices and/or upgrading to iOS 8. *Id.* ¶¶ 23, 25, 28, 35. Apple's SI No. 11 seeks information that is directly relevant to those claims, asking Plaintiffs to describe all facts they claim support their allegation in ¶ 31 of the Complaint "that [neither] Plaintiffs 'nor any reasonable consumer expected (or could have reasonably expected) that a [storage capacity] shortfall ranging between 18.2-21.3% [due to iOS 8] existed between the advertised and actual capacity of the devices purchased.'" Plaintiffs' response to SI No. 11 merely raises inapplicable, boilerplate objections before recycling the allegations in their Complaint.[1] That response is evasive and insufficient, and Plaintiffs must be ordered to either (i) describe the specific facts underlying the allegation that neither they nor reasonable consumers expected a purported 18.2-21.3% "shortfall" between total hard drive storage and storage available for use with iOS, or (ii) admit they had no supporting evidence at the time they made that allegation in their Complaint.

SI No. 11 plainly seeks relevant information: Plaintiffs are suing Apple based on allegations concerning their (and reasonable consumers') purported expectations about the amount of storage space that iOS 8 occupied on their devices, and SI No. 11 asks Plaintiffs to state the facts supporting their allegations about those expectations. Plaintiffs presumably made the allegations in their Complaint on a good faith basis, reflecting certain facts known to them. *See* FRCP 11. They must specify those facts in responding to the interrogatory. FRCP 33(b)(3) (interrogatories must be "answered separately and fully"). If Plaintiffs cannot do so, they must admit that they had no supporting evidence at the time their Complaint made that allegation.

---

[1] In operative part, Plaintiffs' response states that "Defendant designed, built, priced and marketed the Devices according to the size of the available memory. A device purporting to offer 16GB of memory cost [sic] significantly more than an 8GB model. Consumers relied on these descriptions of the available memory in making decisions regarding which devices to purchase and whether to pay the requested price. As set forth in the operative consolidated amended complaint, neither Plaintiffs nor class members would have expected such a large and undisclosed difference from the advertised memory and the actual available memory."

Plaintiffs raise many arguments for failing to answer SI No. 11: it is too early in the case, the answer to SI No. 11 is "obvious," and SI No. 11 prematurely requires expert testimony. None succeeds. **First**, "contention interrogatories" such as SI No. 11 are permissible, *see SPH Am., LLC v. Research in Motion, Ltd.*, 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016), and there is no rule that parties must only answer them at the end of discovery.[2] It is also far from "early" in this case or discovery. Other courts have rejected similar arguments eight months into discovery,[3] yet here Plaintiffs first raised the allegation at issue *more than six years ago,* in their April 2015 First Amended Complaint (Dkt. 18 ¶ 24); Plaintiffs' operative Complaint was filed *18 months ago* (Dkt. 80); thousands of pages of documents have been produced; and Plaintiffs have deposed four key Apple witnesses—indeed, their motion for class certification is due in slightly over a month. **Second,** while Plaintiffs claim that it is not worth "the trouble of writing answers" to SI No. 11 because the answer is "obvious," their own portion of this Joint Statement undercuts that claim. To date, the only concrete bases Plaintiffs have provided in support of the allegation at issue are the blog posts mentioned below, which do not appear in Plaintiffs' current response. The burden of stating that those blog posts are the basis for the allegation would be minimal. And while Plaintiffs note that their current response incorporates their Complaint, that merely highlights the response's inadequacy. *Foster v. ScentAir Techs., Inc.*, 2014 WL 4063160, at *3 (N.D. Cal. Aug. 15, 2014) (citing FRCP 33(b)) ("An answer to an interrogatory should be complete in itself and *should not refer to the pleadings*[.]") (emphasis added). **Third**, Plaintiffs' claim that answering SI No. 11 calls for expert opinion is unfounded. Answering SI No. 11 only requires that Plaintiffs state the responsive facts of which they are presently aware. If additional facts arise, Plaintiffs can simply supplement their answer—in accordance with their duty to do so. *See* FRCP 26(e)(1)(A). And even if an expert could provide insight, Plaintiffs must still answer the aspects of SI No. 11 that they are able to. Accordingly, Apple's motion should be granted in full.

---

[2] While Plaintiffs rely on the 1985 *Convergent* opinion in claiming that contention interrogatories need not be answered "until the end of the discovery period," that is not a blackletter rule. *See, e.g., Bal Seal Engineering, Inc. v. Nelson Prods. Inc.,* 2018 WL 6258877, at *2 (C.D. Cal. Feb. 12, 2018) (noting that *Convergent* "do[es] not justify a refusal to respond to contention interrogatories until the last few days before the discovery cut-off").

[3] *See, e.g., SPH Am.,* 2016 WL 6305414 at *2 (finding case was "no longer in its infancy" because "since the completion of claim construction, discovery has been ongoing for approximately 8 months").

## III. PLAINTIFFS' POSITION AND PROPOSED COMPROMISE

SI No. 11 is an unacceptable contention interrogatory for three reasons. First, it seeks obvious information. Second, it seeks expert opinion. And third, its timing is improper.

*First*, obvious information. "[I]n many settings going through the trouble of writing answers to contention interrogatories cannot be justified, *e.g.*, because the contentions are not especially subtle or complex and the evidentiary and legal bases for them either are obvious or already have been made pretty clear in other ways." *McCormick-Morgan, Inc. v. Teledyne Indus.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991) (reversed on other grounds). This is one of those "many settings." It is "not especially subtle or complex" that a reasonable consumer would not expect to receive 18 to 20 percent less storage than they believed they purchased. *Id.* If a consumer goes to the store and buys a dozen eggs, they do not expect to receive only nine or ten eggs.

The bases for Plaintiffs' allegation here "are obvious." *Id.* Plaintiffs' operative supplemental answer to SI No. 11 refers to the Complaint, which provides clear evidentiary bases for this allegation regarding consumer expectations: four "reports from several purchasers and bloggers reported on various websites" "further confirm[ing]" "the discrepancy" in storage capacity. Doc. 80 at ¶¶ 42-43. Indeed, one consumer remarked: "I'm surprised that no one has filed a lawsuit with regard to the 16GB vs. actually 13GB issue."[4]

*Second*, expert opinion. As Plaintiffs have expressed throughout correspondence and meet and confers, though this allegation is obvious on its face, Plaintiffs will provide expert testimony to support this assertion. "[I]nterrogatories are improper where they ask the respondent to provide expert opinion." *Finjan, Inc. v. ESET, LLC*, No. 17CV183 CAB (BGS), 2018 U.S. Dist. LEXIS 171364, at *14 (S.D. Cal. Oct. 3, 2018); *see also Qualcomm Inc. v. Apple Inc.*, No. 3:17-cv-02398-DMS-MDD, 2018 U.S. Dist. LEXIS 190815, at *7 (S.D. Cal. Nov. 7, 2018) ("Contention interrogatories calling for expert opinion are improper."). Apple is asking for expert testimony here, and the Court should not countenance this inappropriate and premature request.

*Third*, improper timing. Courts "have considerable discretion in deciding when (if ever) a party must answer contention interrogatories"; "the wisest general policy is to defer propounding

---

[4] *See* http://www.mcelhearn.com/apples-ios-apps-are-bloated-and-how-many-gigs-do-you-get-on-a16-gb-ios-device/.

and answering contention interrogatories until the end of the discovery period." *In re Convergent Tech. Securities Litig.*, 108 F.R.D. 328, 333, 336 (N.D. Cal. 1985). FRCP 33(a)(2) authorizes a court to order that contention interrogatories such as SI No. 11 "need not be answered until the designated discovery is complete, or until a pretrial conference or some other time." Here, Plaintiffs are still taking depositions of Apple's personnel, and, as the Court is aware, multiple discovery disputes unfortunately require judicial resolution—including Apple's refusal to provide relevant communications concerning multiple government investigations. Discovery here is "still very much ongoing and not near its end." *HTC Corp. v. Tech. Props. Ltd.*, 2011 U.S. Dist. LEXIS 4531, at *7 (N.D. Cal. Jan. 12, 2011). As explained above, "[t]his case is still at the pre-certification stage," and Plaintiffs still require "their experts['] . . . statistical analysis before they can [further] answer." *In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, 2009 U.S. Dist. LEXIS 130344, at *21 (N.D. Cal. Mar. 3, 2009). Plaintiffs "should be given the opportunity to develop [their] expert testimony on the timeline decided by the parties and the Court." *Young v. Regis Corp.*, 2011 U.S. Dist. LEXIS 54036, at *3 (N.D. Cal. May 19, 2011).

As also explained above, that consumers would *not* expect to receive 18 to 20 percent less storage is obvious. As such, Apple has not met its "burden of showing how an early response to its contention interrogator[y] assists the goals of discovery, that is, to significantly narrow the issues." *Id*. Likewise, Apple has made no showing that "the conduct Plaintiffs challenge is unclear or that [it] requires answers to this interrogator[y] at this time to clarify Plaintiffs' position or the scope of the case." *Campbell v. Facebook Inc.*, 2015 U.S. Dist. LEXIS 71961, at *14-15 (N.D. Cal. June 3, 2015). "A party seeking early answers to contention interrogatories cannot meet its burden of justification by vague or speculative statements about what might happen if the interrogatories were answered. Rather, the propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *In re Convergent*, 108 F.R.D. at 339. Apple has not done so.

For the above reasons, Plaintiffs respectfully request that the Court hold that Plaintiffs need not further answer SI No. 11 prior to provision of Plaintiffs' expert reports.

| | | |
|---|---|---|
| Dated: February 10, 2022 | | O'MELVENY & MYERS LLP<br>MATTHEW D. POWERS<br>ANDREW J. WEISBERG |
| | By: | /s/Matthew D. Powers<br>        Matthew D. Powers |
| | | *Attorneys for Defendant*<br>APPLE INC. |
| Dated: February 10, 2022 | By: | /s/ William H. Anderson<br>        William H. Anderson |

WILLIAM H. ANDERSON (Pro Hac Vice)
HANDLEY FARAH & ANDERSON PLLC
4730 Table Mesa Drive, Suite G-200
Boulder, CO 80305
Telephone: (303) 800-9109
Facsimile: (844) 300-1852
wanderson@hfajustice.com

CLAYTON HALUNEN (Pro Hac Vice)
AMY BOYLE (Pro Hac Vice)
CHRISTOPHER MORELAND (Pro Hac Vice)
HALUNEN & ASSOCIATES
80 South Eighth Street, Suite #1650
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
halunen@halunenlaw.com
boyle@halunenlaw.com
moreland@halunenlaw.com

JON M. HERSKOWITZ (Pro Hac Vice)
BARON & HERSKOWITZ
9100 S. Dadeland Blvd., Suite 1704
Miami, Florida 33156
Telephone: (305) 670-0101
Facsimile: (305) 670-2393
jon@bhfloridalaw.com


MICHAEL MCSHANE (SBN 127944)
LING Y. KUANG (SBN 296873)
KURT D. KESSLER (SBN 327334)
AUDET & PARTNERS, LLP
711 Van Ness Ave., Suite 500
San Francisco, CA 94102
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
mmcshane@audetlaw.com
lkuang@audetlaw.com
kkessler@audetlaw.com

MATTHEW K. HANDLEY (Pro Hac Vice)
STEPHEN PEARSON (Pro Hac Vice)
HANDLEY FARAH & ANDERSON PLLC
200 Massachusetts Avenue, NW, 7th Floor
Washington, DC 20001
Telephone: (303) 800-9109
mhandley@hfajustice.com
spearson@hfajustice.com

REBECCA P. CHANG (Pro Hac Vice)
HANDLEY FARAH & ANDERSON PLLC
81 Prospect Street
Brooklyn, NY 11201
Telephone: (303) 800-9109
rchang@hfajustice.com

CHARLES J. LADUCA (Pro Hac Vice)
C. WILLIAM FRICK (Pro Hac Vice)
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Avenue, N.W., Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
charlesl@cuneolaw.com
bill@cuneolaw.com

ROBERT SHELQUIST (Pro Hac Vice)
REBECCA PETERSON (SBN 241858)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com

*Attorneys for Plaintiffs and the Proposed Class*

**Local Rule 5-1(h)(3) Attestation**

I hereby attest, pursuant to Northern District of California Local Rule 5-1(h)(3), that the other signatories listed, on whose behalf this filing is submitted, have concurred in the filing of this document.

Dated: February 10, 2022

O'MELVENY & MYERS LLP
MATTHEW D. POWERS
ANDREW J. WEISBERG

By:  */s/ Matthew D. Powers*
　　　　　Matthew D. Powers

*Attorneys for Defendant*
APPLE INC.