UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ORSHAN, and others,<br><br>   Plaintiffs,<br><br>   v.<br><br>APPLE INC.,<br><br>   Defendant. | Case No. 14-cv-05659 EJD (NC)<br><br>**ORDER ON DISCOVERY DISPUTES**<br>Re: ECF 115, 116, 117 |

Presented to the Court in this putative class action case about storage space on certain Apple devices are a trio of fact discovery disputes filed on February 10, 2022. ECF 115, 116, 117. This order resolves all three.

In ECF 115, Plaintiffs seek to compel production of documents from the "Apple Employee Directory" in response to document requests Nos. 25 and 37. The Court is not persuaded that this Directory is relevant and that a further production from this database is proportional to the needs of the case under Fed. R. Civ. P. 26(b) in consideration of the documents and information that Apple has already provided. ECF 115 at p. 6. Plaintiffs' request is therefore denied.

In ECF 116, Apple moves to compel further responses to Interrogatory Set One, No. 11. 2021. Rog. No. 11 is a contention interrogatory asks Plaintiffs to "[d]escribe all facts that [they] contend support [their] allegation in paragraph 31 of the Complaint that

1  [neither] Plaintiffs 'nor any reasonable consumer expected (or could have reasonably
2  expected) that a shortfall ranging between 18.2-21.3% existed between the advertised and
3  actual capacity of the devices purchased.'"  The Court disagrees with Plaintiffs' objections
4  that the answer is obvious; the question is premature; or that it is unfair to answer before
5  expert discovery.  The interrogatory calls for factual contentions and Plaintiffs have had
6  years to investigate their assertions in this case.  Plaintiffs are therefore ordered to serve a
7  supplemental response to Rog. No. 11 by February 28, 2022.
8        Next, in ECF 117 Apple moves to compel supplemental responses to Interrogatory
9  Set 2, Nos. 2 and 4-9.  Rog. No. 2 asks each Plaintiff to "state the amount of storage that
10 was being used on the [iOS device(s)] that [he] identified in the [Consolidated Amended
11 Complaint ("CAC" or "Complaint")] [ ] on December 30, 2014, the date [he] filed [his]
12 initial complaint in this case." Rogs. Nos. 4-5 ask each Plaintiff, for each iOS device he
13 identified in the Complaint, to state the date of each backup, the method/device used to
14 conduct each backup, and the amount of storage in use on that iOS device at the time of
15 each backup. Rog. Nos. 6-9 ask each Plaintiff, for 3-9 listed devices not named or
16 referenced in the Complaint but associated with his Apple ID, to state the amount of
17 storage currently being used on each device, the methods used to back up each device
18 (e.g., iTunes or iCloud), the date each backup of the device occurred and the method used
19 for each backup, and the amount of storage in use on the device at the time of each backup.
20 *See* ECF 117 at p. 2.
21       The Court agrees with Apple that these requests seek information that could be
22 relevant to causation, damages, and to class certification considerations; and overrules the
23 Plaintiffs' objections that this discovery is burdensome, oppressive and not proportional to
24 the needs of the case.  In a class action case about storage capacity on Apple devices,
25 discovery about the class representatives' devices and storage seems central to the claims
26 and defenses.  Plaintiffs are therefore ordered to serve supplemental responses to Set 2,
27 Nos. 2 and 4-9 by February 28, 2022.
28       No fees or costs are presently awarded on these discovery disputes.

2

Finally, the parties are barred from using footnotes in their future discovery briefs in this case. Their 22 smaller-font, single-spaced footnotes in these briefs were a clever, but not innovative, way to evade the page limits.

**IT IS SO ORDERED.**

Dated: February 13, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge