Ling Y. Kuang (SBN 296873)
Kurt D. Kessler (SBN 327334)
Michael A. McShane (SBN 127944)
  lkuang@audetlaw.com
  kkessler@audetlaw.com
  mmcshane@audetlaw.com
**AUDET & PARTNERS, LLP**
  711 Van Ness Avenue, Suite 500
  San Francisco, CA 94102-3275
  Telephone:   (415) 568-2555
  Facsimile:   (415) 568-2556

*Counsel for Plaintiffs Orshan, et al., on behalf of themselves and all others similarly situated*

[Additional Plaintiffs' Counsel on Signature Page]

Matthew D. Powers (SBN 212682)
Andrew J. Weisberg (SBN 307519)
  mpowers@omm.com
  aweisberg@omm.com
**O'MELVENY & MYERS, LLP**
  Two Embarcadero Center, 28th Floor
  San Francisco, CA 94111-3823
  Telephone:   (415) 984-8700
  Facsimile:   (415) 984-8701

*Counsel for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL ORSHAN, CHRISTOPHER ENDARA, DAVID HENDERSON, and STEVEN NEOCLEOUS, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No:    5:14-CV-05659-EJD<br><br>**JOINT STATEMENT REGARDING PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RELATED TO REQUEST FOR PRODUCTION NO. 17**<br><br>Consol. Am. Compl. Filed:   July 17, 2020<br>Trial Date:                          N/A<br><br>District Judge:         Hon. Edward J. Davila<br>Magistrate Judge:   Hon. Nathanael M. Cousins |

Pursuant to the Court's March 15, 2019 Civil Standing Order, Paul Orshan, Christopher Endara, David Henderson, and Steven Neocleous (collectively, "Plaintiffs") and Apple Inc. ("Apple" or "Defendant") (together, "the Parties") hereby submit this joint statement regarding Plaintiffs' motion to compel production of documents in response to Plaintiffs' Request for Production No. 17.

## JOINT DESCRIPTION OF UNRESOLVED ISSUE

On August 28, 2020, Plaintiffs served Request for Production ("RFP") No. 17, which seeks "All DOCUMENTS that RELATE TO COMMUNICATIONS to or from any governmental entities regarding the STORAGE CAPACITY of the DEVICES." These requests defined "COMMUNICATIONS" as "every manner or method of disclosure or transfer or exchange of information however made," including but not limited to those "conducted in Person, by telephone, mail, email, text message, voicemail, facsimile, chat, personal delivery, or other method […] " Apple responded on October 28, 2020, objecting on numerous grounds—including that RFP No. 17 was vague and ambiguous "as to the term 'governmental entities,'" and that it was overbroad, unduly burdensome, and not proportional to the needs of this case. Apple also responded that "[b]ased on its current investigation, Apple is not aware of any inquiry or investigation by any state or federal government entity in the United States regarding Apple's advertising or marketing of the storage capacities of 16 GB iPhones and iPads during the iOS 8 time period."

Apple subsequently produced (on May 28, 2021) an e-mail thread dated March 4, 2016 (approximately six months after iOS 8 was replaced by iOS 9), indicating that a Chinese ministry and a member of the Italian parliament were proposing legal mandates that would affect Apple's iOS software architecture, and a French consumer protection organization and a staffer at the US Federal Trade Commission had contacted Apple regarding iOS device storage advertising. APL-ORSHAN_00048866.

Following a meet and confer held February 1, 2022, Plaintiffs now seek to compel production of all documents responsive to RFP 17. Apple disagrees.

## I. PLAINTIFFS' POSITION AND PROPOSED COMPROMISE.

Plaintiffs' case challenges Apple's storage capacity disclosures alleging, *inter alia,* "Apple's misrepresentations and omissions are deceptive and misleading because they omit material facts that an average consumer would consider in deciding whether to purchase its products…." Dkt. 80 ¶ 44.

Subsequent to the filing of this lawsuit, *multiple* government agencies apparently agreed. As former Apple government affairs executive David McIntosh wrote in a March 4, 2016 e-mail, the company faced inquiries on its storage capacity disclosures from "a number of government entities around the world (e.g., a Chinese ministry and a member of the Italian parliament)," "the largest consumer bureau in France… charging deceptive advertising…" *and* "a staffer at the US Federal Trade Commission." APL-ORSHAN_00048864 at 66. In the January 21, 2022 deposition of Cecilia Dantas—Plaintiffs' first opportunity to question any deponent on this document, despite repeated requests to initiate depositions earlier—Ms. Dantas confirmed that Apple revised its storage capacity disclosures (e.g., "actual formatted capacity less") in response to these investigations:

> Q: [D]oes [the document] summarize why Apple made the change from actual formatted capacity less to the more fulsome explanation?
> A.   Yes, this is the paragraph that describes that.

Dantas Dep. Tr. (Rough) at 136:11-13. In the January 28, 2022 deposition of Mr. McIntosh—a custodian whose documents *have already been collected* for this litigation—he confirmed receipt of regular government affairs updates on these investigations. McIntosh Dep. Tr. (Rough) at 136:11-140:10 (describing "government affairs update"). Yet Apple refuses to produce these documents.

Fed. R. Civ. P. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The relevance standard is "extremely broad." *In re Apple iPhone Antitrust Litig.*, Case No. 4:19-cv-03074-YGR-TSH (N.D. Cal.), Dkt. No. 101. at 14:18-20. As such, "discovery should be allowed unless the information has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

Here, Plaintiffs seek documents related to government communications on the misleading nature of disclosures on Apple device storage capacity that are similar to (if not the *exact same as*) those that the Class Members in this case allege to be misleading. Such documents are squarely relevant for several reasons. *First,* this discovery implicates one of Apple's potential defenses: that it had no

1  knowledge or evidence that its disclaimers were misleading. *Second,* they have significant probative
2  value in assessing whether the very disclaimers at issue in this case were misleading. *Third*, they are
3  central to understanding how and why Apple changed the disclaimers at issue in this litigation.

4      Apple's arguments on relevance fail. *First*, the scope of the request reasonably entails relevant
5  "communications" with government entities on storage capacity, with no distinction between formal
6  and informal inquiries. Apple cannot explain why an inquiry from the FTC, for example, is not
7  within the scope of the Request. *Second,* Apple attempts to cabin permissible discovery to a single
8  operating system (iOS 8), or alternately, argues investigations under foreign law are irrelevant. In
9  doing so, Apple selectively quotes from the operative complaint and simply ignores that the
10 investigations at issue, regardless of which law they were formally under, pertain to *the same*
11 *conduct* at issue in this litigation. What is more, while the email is dated March 4, 2016 – mere
12 months after iOS 9 launched – it does not indicate when the communications with the governments
13 occurred. Regardless, a substantial portion of the class was running iOS 8 in March 2016. Such
14 "[c]ommunications with federal agencies regarding any enforcement or other inquiries" occurring
15 even "after the class period could contain evidence relevant to [defendant's] actions or knowledge
16 during the class period." *Newton v. Am. Debt Servs.*, No. 11-cv-03228-EMC (JCS), 2014 U.S. Dist.
17 LEXIS 66473, at *10 (N.D. Cal. May 13, 2014) (granting motion to compel on the same).

18     This discovery is also proportional. The factors under Rule 26(b)(1) weigh in favor of Plaintiffs:
19 the evidence goes to Apple's knowledge of the fraud, and thus, the core of Plaintiffs' allegations.
20 Regarding the party's relative access to information and resources, Apple has exclusive control over
21 the documents and has ample resources to produce them. Finally, the proposed discovery does not
22 impose undue burden. Plaintiffs have identified a handful of discrete communications with specific
23 government entities, and the custodians likely to have responsive information. Yet, as noted above,
24 Apple refuses to produce these responsive documents, even where they were *already collected*.

25     Plaintiffs request that Apple produce responsive documents to RFP 17, which include (at a
26 minimum) responsive communications with the FTC, the identified Italian member of parliament, and
27 relevant Chinese governmental entities (inclusive of China and Taiwan), as well as other such
28 documents related to inquiries by governmental entities concerning storage capacity.

## II. APPLE'S POSITION AND PROPOSED COMPROMISE

Under the guise of requesting a facially-simple order to "compel production of all documents responsive to RFP 17," Plaintiffs ignore the text of RFP 17; ignore Apple's productions; distort their claims and the evidentiary record; and never specify what actions they want Apple ordered to undertake. Plaintiffs' Motion seeks a Court-ordered fishing expedition that should be denied.

*First*, Plaintiffs misrepresent the scope of RFP 17, which Apple has fully complied with. RFP 17 seeks documents related to communications "to or from any *governmental entities* regarding the *storage capacity* of the devices." The only "government" that formally inquired about that issue was China, and *Apple has already produced thousands of pages related to its communications with the Chinese ministries*, including full custodial productions from the key Apple employees (*e.g.*, Kurt Knight and David McIntosh) who were directly involved in responding to the Chinese ministries' requests. Apparently unsatisfied with those productions, Plaintiffs now seek documents *unrelated* to government entities and/or storage capacity. For example, "the largest consumer bureau in France" and the "member of the Italian parliament" are quite clearly *not* "government entities" covered by RFP 17. The "consumer bureau in France" is a consumer group, not a "government entity." *See* https://www.quechoisir.org/. The Italian politician spoke only on his own behalf (not on behalf of any government entity), and his concerns were unrelated to device capacity. *See* D. McIntosh Dep. Tr. (rough) at 148:24-25; *id.* at 134:15-21 ("I don't recall him complaining about device capacity or available device capacity or anything like that."). And, finally, the FTC's correspondence with Apple consisted of a "staffer" at the FTC "beginning to look into th[e] question." APL-ORSHAN_ 00048866. As Apple told Plaintiffs, the FTC never launched a formal inquiry or issued any kind of demand or investigation, and Apple already searched its custodians' documents for related communications. Plaintiffs' claim that Apple "refused" to produce D. McIntosh's "update" emails is untrue—Apple just found no other documents responsive to RFP 17.

*Second*, even if additional documents that were somehow responsive to RFP 17 existed in other non-custodians' files, these documents would be irrelevant (or, at best, redundant). RFP 17 seeks correspondence with government entities related to storage capacity. Apple thus produced documents regarding correspondence with the Chinese ministries—despite the ministries' concerns

1  being unrelated to Plaintiffs' claims (the ministries sought to make certain apps deleteable, and
2  mandate specific capacity language, in response to issues with "bloatware" on Android phones), they
3  were responsive to RFP 17 and were produced. But Plaintiffs now seek, as explained in meet-and-
4  confers, to add custodians for production of the ministries' "direct" communications in Chinese—
5  even though (1) such documents would be redundant of the thousands of pages of documents,
6  including English versions of the ministries' questionnaires, that Plaintiffs already have from *full*
7  *custodial productions* from Apple's witnesses most directly involved with the ministries, and (2)
8  additional relevant documents likely do not exist (the ministries typically communicate orally). As
9  for outreach from a single Italian politician, a French NGO, and an FTC staffer, they are not relevant
10 here. Not only did they all occur after the iOS 8 time period (APL-ORSHAN_ 00048866 (Mar.
11 2016)), *they never led to any formal inquiry, action, or investigation*. There is no reason for Apple
12 to conduct burdensome additional custodial reviews for mentions of government "investigations"
13 that never occurred. *Newton v. Am. Debt Servs., Inc.*, which Plaintiffs cite, involved requests for
14 correspondence with U.S. government authorities who (a) were conducting a formal inquiry and (b)
15 were enforcing the laws at issue in that case (*i.e.,* communications with federal authorities in relation
16 to claims for violations of federal laws) (2014 WL 2452743, at *2-3 (N.D. Cal. May 13, 2014)). But
17 here, there was no formal inquiry and Plaintiffs are suing under *California* law (Dkt. 80) yet seek
18 communications with *Chinese* ministries, a *French* NGO, and an *Italian* politician.

19       ***Third***, because Apple has already produced documents responsive to RFP 17, Plaintiffs must
20 specify what more Apple should be compelled to do—yet their Motion is conspicuously silent on
21 that. During meet-and-confers Plaintiffs demanded Apple conduct up to nine additional custodial
22 reviews (more than *doubling* Apple's custodians); "question" an Apple executive and at least four
23 other employees; and search every proposed custodian's documents in Chinese, French, and Italian
24 (necessitating translation of "hits" to assess relevance)—all on the off chance that there might be
25 some discussion of these topics. Plaintiffs omit the proportionality portion of Rule 26's scope and
26 conclusorily contend their demand is proportional to the needs of the case. It is not. Plaintiffs have
27 not justified a search for irrelevant documents that likely do not exist, are not responsive to RFP 17,
28 and would be disproportionate to this case's needs. This Motion should be denied.

Respectfully submitted,

Dated: February 22, 2022

By: */s/ Matthew D. Powers*
Matthew D. Powers
Andrew J. Weisberg
**O'MELVENY & MYERS, LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
Emails: mpowers@omm.com
aweisberg@omm.com

*Counsel for Defendant Apple Inc.*

Dated: February 22, 2022

By: */s/ William H. Anderson*
William H. Anderson (*pro hac vice*)
**HANDLEY FARAH & ANDERSON PLLC**
4730 Table Mesa Drive, Suite G-200
Boulder, CO 80305
Telephone: (303) 800-9109
Email: wanderson@hfajustice.com

Ling Y. Kuang (SBN 296873)
Kurt D. Kessler (SBN 327334)
Michael A. McShane (SBN 127944)
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
Emails: lkuang@audetlaw.com
kkessler@audetlaw.com
mmcshane@audetlaw.com

Robert Shelquist
Rebecca Peterson
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (415) 568-2555
Telephone: (612) 339-6900
Emails: rkshelquist@locklaw.com
rapeterson@locklaw.com

Charles J. LaDuca
**CUNEO GILBERT & LADUCA LLP**
4725 Wisconsin Avenue, N.W., Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Email: charlesl@cuneolaw.com

Stephen Pearson
Matthew K. Handley
**HANDLEY FARAH & ANDERSON PLLC**
200 Massachusetts Avenue, NW, 7th Floor
Washington, DC 20001
Telephone: (303) 800-9109
Emails: spearson@hfajustice.com
mhandley@hfajustice.com

Rebecca P. Chang
**HANDLEY FARAH & ANDERSON PLLC**
81 Prospect Street
Brooklyn, NY 11201
Telephone: (303) 800-9109
Email: rchang@hfajustice.com

Clayton Halunen
**HALUNEN & ASSOCIATES**
80 South Eighth Street, Suite 1650
Minneapolis, MN 55402
Telephone: (612) 605-4098
Email: halunen@halunenlaw.com

Jon M. Herskowitz
**BARON & HERSKOWITZ**
9100 S. Dadeland Boulevard, Suite 1704
Miami, FL 33156
Telephone: (305) 670-0101
Email: jon@bhfloridalaw.com

*Counsel for Plaintiffs Orshan, et al., on behalf of themselves and all others similarly situated*

## CIVIL L.R. ATTESTATION

I, the undersigned, am the ECF user whose identification and password are being used to file this document. I hereby attest and represent, in compliance with Civil L.R. 5-1(h)(3), that all other signatories listed above, and on whose behalf the filing is submitted, have concurred in the filing of this document and have approved its contents.

Dated: February 22, 2022

By: */s/ Kurt D. Kessler*
Kurt D. Kessler (SBN 327334)
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Telephone: (415) 568-2555
Email: kkessler@audetlaw.com

*Counsel for Plaintiffs Orshan, et al., on behalf of themselves and all others similarly situated*